CHARLES R. LINDSAY, JR., *et al.* Defendants in Error, *vs.* ELIZABETH LINDSAY *et al.* Plaintiffs in Error.

*Opinion filed October 26, 1912.*

1. APPEALS AND ERRORS—*suing out of writ of error is the bringing of a new suit.* The suing out of a writ of error is, in effect, the bringing of a new suit, in which the defendants below are the plaintiffs and the plaintiffs below the defendants.

2. SAME—*party in contempt of court below cannot prosecute a writ of error.* A defendant to a proceeding to declare a child a dependent, who is in contempt of court for taking the child and leaving the jurisdiction of the court, cannot, until purged of such contempt, prosecute a writ of error to review the decree in such proceeding; but the other defendants whose rights are affected may prosecute the writ and use her name, the procedure being the same as though she had refused to join in prosecuting the writ or assigning errors.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding.

JAMES R. WARD, for plaintiffs in error.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

On December 15, 1911, defendant in error Charles R. Lindsay, Jr., filed in the juvenile branch of the circuit court of Cook county a petition charging that William Lindsay, a male child under seventeen years of age, was a dependent child and did not have proper parental care; that his father was dead and he was in the care of his mother, Elizabeth Lindsay, and Otoman Zar-Adusht Hanish; that his mother had neglected and failed to properly care for said child, and that she was an improper guardian and wholly unable to care for, protect, train and educate said child, by reason whereof he had become a dependent child. Sum-

mons was issued against the plaintiffs in error Elizabeth Lindsay and Hanish commanding them to appear before said court on the 4th day of January, 1912, and to have the said William Lindsay in open court. On the same day the petition was filed, December 15, 1911, the petitioner filed his affidavit stating that in his belief service of summons would be ineffectual to secure the presence of said child in court and that he should be taken into custody forthwith, "as his immediate health and welfare are being jeopardized by his present care and custody." A warrant was issued, and under and by virtue of it the boy was taken by officers to the Detention Home, where he was placed in confinement. Upon assurance being given that he would be brought into court at the time set for hearing, the boy was released and turned over to his mother and with her went to the home of a Miss Brauchmann, where they were staying at the time, and remained there until the 27th or 28th of December, when they disappeared. On the day of the hearing, January 4, 1912, Hanish filed an answer to the petition, stating under oath that he never had control or custody of said child or power to produce him in court, and had no knowledge of the place where the child was or in whose custody or control he might be. The court appointed an attorney to represent the child, and in the absence of Mrs. Lindsay and child proceeded to hear the testimony of witnesses upon the question whether or not the child was dependent or had proper parental care, and also as to the circumstances relating to the disappearance of Mrs. Lindsay and her boy. On January 24 the court entered a decree defaulting Mrs. Lindsay and William Lindsay, and finding that said William Lindsay was a neglected and dependent child, having no guardian of his person other than his mother, his natural guardian; that the father of said child died in Philadelphia in November, 1902, leaving an estate to his said son from which an income amounting to $1200 or $1500 per year is paid to

his mother, to be expended in his care, maintenance and education by the Girard Trust Company of Philadelphia, guardian of the estate of said child; that Mrs. Lindsay was not a proper person to have the care and custody of said child and that he does not receive proper parental care. The decree further found that Hanish was the head of a religious organization to promote the Mazdaznan religion; that said religion purports to be the teaching of oriental philosophy and religion; that Mrs. Lindsay was a believer in said religion and its teachings and recognized absolute spiritual and temporal power by Hanish over her religious beliefs, amounting to a religious fanaticism; that for a year last past she had been at divers places attending functions of said religion, had not kept the boy in school and had permitted him to reside and travel with said Hanish at different places in and through the United States and Canada, and that Hanish was not a proper person to have control over said child. The court appointed the petitioner and Ellwood C. Lindsay, of Philadelphia, Pa., guardians of William Lindsay, and authorized them to take him into their care and custody wherever he may be found, and to present to the proper court of Philadelphia a showing regarding the conditions surrounding said child when they shall have secured his custody, "and abide by the orders of said court as to such care and custody." The court adjudged Mrs. Lindsay in contempt of court for taking her child and leaving the jurisdiction of said court. To review this judgment a writ of error has been sued out of this court by Hanish and Mrs. Lindsay, and William Lindsay by his next friend.

Defendants in error have filed a plea in this court alleging that the plaintiffs in error, Elizabeth Lindsay, William Lindsay and Hanish, were all summoned to appear in the circuit court; that said William Lindsay was paroled by the court to the custody of Elizabeth Lindsay, and before the day of the hearing, for the purpose of defeating

the jurisdiction of the court, said Elizabeth Lindsay and William Lindsay departed from its jurisdiction or concealed themselves so they could not be found; that said Elizabeth Lindsay was adjudged to be, and still is, in contempt of court, and that Hanish, by his answer filed in the court below, denied that he had the custody of or that he exercised any control over the said William Lindsay. The plea prays that the writ of error be quashed. Plaintiffs in error have demurred to the plea.

The question of law raised by the plea and the demurrer thereto is, whether this writ of error can be sustained where it appears by the plea that plaintiff in error Elizabeth Lindsay is in contempt for having removed plaintiff in error William Lindsay from the jurisdiction of the court and has not purged herself of such contempt.

The decree entered in this case finds plaintiff in error Elizabeth Lindsay guilty of contempt of court for taking her child and leaving the jurisdiction of the court. The plea states·that she is still in contempt of court. The suing out of a writ of error is, in effect, bringing a new suit, in which defendants below become plaintiffs and plaintiffs below become defendants. So far as Mrs. Lindsay is concerned, the question must be considered as if she were asking affirmative relief from a court whose mandates she has refused to obey.

The weight of authority seems to be that a party in contempt is not entitled to prosecute or defend an action when the nature of his contempt is such as to hinder and embarrass the due course of procedure in the cause. (*Campbell* v. *Justices of Superior Court,* 187 Mass. 509; 2 Ann. Cas. 462, and note; *State* v. *Ackerson,* 25 N. J. L. 209; *VanOrden* v. *VanOrden,* 50 N. Y. Supp. 184; *Gordon* v. *Gordon,* 141 Ill. 160.) The contempt of Mrs. Lindsay affects the due course of procedure in the case by preventing the court from enforcing its decree. So long, therefore, as she remains beyond the jurisdiction of the

court and has not purged herself of the contempt adjudged against her she cannot maintain a writ of error to review the correctness of the decree. It is not alleged by the plea that the plaintiffs in error William Lindsay and Hanish are in contempt. William Lindsay, who is represented in the writ of error by his next friend, was interested in and vitally affected by the decree of the court below, and can not be denied his right to have the decree reviewed because of the contempt of another party to the proceeding.

It is contended by the defendants in error that since Otoman Zar-Adusht Hanish filed an answer denying that he had the custody of or exercised any control over said William Lindsay he has no right to have the judgment reviewed. Notwithstanding his answer he was not dismissed from the suit, and the court called and examined witnesses upon the question whether or not he was a fit and proper person to have the custody of the boy. The decree found that he was not, and it is as binding upon him as upon the other parties to the suit. We think he is entitled to the writ. "Anyone who is a party to the record or is shown by the record to be prejudiced by a judgment or decree may sue out a writ of error and is permitted to use the names of all his co-defendants without their consent." (*Cooke* v. *Cooke,* 194 Ill. 225; *Scott* v. *Great Western Coal Co.* 220 id. 42.) The fact that Mrs. Lindsay is not entitled to prosecute the writ of error or join in the assignment of errors can no more bar the other parties from prosecuting the writ and using her name for that purpose than would her refusal to join in the prosecution of the writ if she were in a position that gave her that right. The procedure should be the same as if her name had been used by the other plaintiffs in error and she had refused to join in the prosecution of the writ or in the assignment of errors. The plea goes to the right of all the plaintiffs in error to prosecute the writ, and as two of them have a right to the writ of error for the purpose of reviewing the decree the

plea must be held bad and the demurrer sustained.   Leave will be given defendants in error to join in error and file briefs upon the merits.   *Demurrer to plea sustained.*