STATE EX REL. CASH, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,674.)

(Submitted September 15, 1920. Decided October 1, 1920.)

*Supervisory Control—When Available—Divorce—Custody of Minors Pendente Lite—Removal from Jurisdiction.*

Supervisory Control—When Available.
1. Where the remedy by appeal is inadequate, the writ of supervisory control may issue to enable the supreme court to control the course of litigation in inferior courts proceeding by mistake of law or willful disregard of it or where they are doing a gross injustice.

Divorce—Custody of Minor Pendente Lite—Removal from Jurisdiction—Supervisory Control.
2. *Held*, that where defendant wife in a divorce proceeding had been awarded the custody of a minor child pending determination of the action with the restriction that the child be kept within the jurisdiction of the court, which order was subsequently modified so as to permit her to take it to a city outside the state on her promise to return it for trial of the cause, the order was properly annullable under the supervisory control power of the supreme court, since the district court would be in no position to enforce any subsequent order it might make in case defendant did not keep her promise to return to the jurisdiction with the child.

Original application for writ of supervisory control to annul an order of the District Court of Lewis and Clark County in a divorce action. Order annulled.

*Mr. Park Smith* and *Mr. Thos. Hugh Carter,* for Relator.

*Mr. T. B. Weir,* for Respondents.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On application for writ of supervisory control. In June, 1920, there was pending in the district court of Lewis and Clark county an action for divorce, instituted by William A. Cash, and in which issue had been joined, each party, plaintiff and defendant, praying for the custody and control of their three minor children. The court had theretofore awarded the custody, *pendente lite,* of two of the children to the plaintiff and of the four year old daughter, Marjorie Jane Cash, to the defendant, with the restriction that she be kept within the jurisdiction of the court and not taken from Lewis and Clark county without first giving notice to the court or judge thereof of the intention so to do; said order directed the payment by plaintiff to defendant of the sum of $75 per month for her support and that of said child. On June 29, 1920, defendant applied to the district court and secured an order permitting her to go to the city of Salt Lake, Utah, and to have the said child with her, on her promise to return with said child for the trial of said cause. Defendant being about to depart with the child, plaintiff secured from this court a writ suspending said order in so far as it permits the removal of said child from the state, and commanding the respondent court to appear and show cause why the order should not be annulled. The return thereto admits the facts as set out above, and the only questions presented to us are as to the propriety of the writ and the authority of the lower court to grant a removal of the child beyond its jurisdiction. No briefs have been filed nor have counsel on either side submitted authorities on either question suggested.

In our opinion, the facts present a proper case for the [1] intervention of this court. The order complained of is not an appealable order, and, even if it was, the remedy by appeal would be totally inadequate. One of the functions of

the writ is "to enable this court to control the course of litigation in inferior courts where those courts are proceeding within jurisdiction, but by a mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal, or the remedy by appeal is inadequate." (*In re Weston,* 28 Mont. 207, 72 Pac. 512.)

Under the order made by the district court the child, over [2] which the parties were contending therein, would, in the absence of the writ, have been forthwith removed beyond its jurisdiction, with but the questionable promise of the defendant for its return. The court was without power to compel a compliance with such a promise, and its order is tantamount to an abdication of jurisdiction over the child, for, while the court, once having acquired jurisdiction, is not deprived thereof by the removal of the child (19 C. J. 341), it would be in no position to enforce any subsequent order concerning the child while it remained beyond the borders of the state. There is abundant authority to the effect that the court may prohibit such removal; but we find no authority for such an order as was here made, and reason is against such authority.

Having accomplished the removal of the child, it might well be that the mother's love would prove stronger than her unsecured obligation to the court and that her natural caution would dictate that she retain the child beyond the danger zone, or even remove it to some place unknown to the court, until she should learn the nature of the final disposition of the case. If so, of what avail would her written promise be either to the court or to the plaintiff herein?

For the reasons above stated, the writ as prayed for will issue, under the seal of this court, directing the district court and its judge to annul and set aside that portion of its order of June 29, 1920, permitting the removal of Marjorie Jane Cash from the state of Montana pending the final determination of the action.

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concurring.