(88 South. 828)

WRIGHT v. WRIGHT. (6 Div. 131.)

(Supreme Court of Alabama. Feb. 3, 1921. Rehearing Denied April 21, 1921.)

1. Divorce ⬅160—Defendant need not be given notice of proceedings after default.

Code 1907, § 3166, providing that the defendant, against whom a decree pro confesso is taken, can appear and contest a decree on the merits or before the register on a reference, does not require a defendant, who was personally served with a bill for divorce and alimony, and who suffered a decree pro confesso to be entered against him, to be served with notice of subsequent proceedings.

2. Appeal and error ⬅873(1)—Appellant cannot complain of a subsequent decree setting aside allowance of alimony with a reference to determine alimony.

Where, after decree pro confesso had been rendered against a defendant for divorce and alimony, the defendant sought by bill of review to have the decree set aside, he cannot on appeal complain of subsequent orders of the trial court, setting aside the original decree in so far as it fixed the alimony, and ordering a reference for the determination of the alimony.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill of review by Iverson Wright against Angeline Wright to correct a decree allowing divorce and alimony. From a decree dismissing the bill complainant appeals. Affirmed.

Pinckney Scott, of Bessemer, for appellant.

The complainant, defendant to the divorce and alimony suit, was entitled to notice. Rule 97, Chan. Prac.; sections 3158, 3161, and 3166, Code 1907; 87 Ala. 750, 6 South. 703. The court has lost power over his judgment and decree made on bill for review. 145 Ala. 629, 40 South. 123; Acts 1915, p. 135.

Ben G. Perry, of Bessemer, and Theo Lamar, of Birmingham, for appellee.

Court cannot be put in error for failure to give notice of a reference to a defendant who is in contempt. 8 Port. 277; section 3166, Code 1907. Court did not err in amending

.his decree by allowing alimony. Section 1529, Code 1907; Acts 1915, p. 135; 145 Ala. 629, 40 South. 123; 96 Ala. 481, 11 South. 597; 82 Ala. 359, 2 South. 486; 14 Ala. 753, 48 Am. Dec. 122, and sections 3804, 3805, Code 1907.

SAYRE, J. [1] Appellant having, after personal service of appellee's bill for divorce and alimony, suffered a decree pro confesso, the court ordered a reference for the ascertainment of proper alimony. Upon the coming in of the register's report the court made a decree awarding to appellee a divorce and alimony according to the report. This decree .was entered March 23, 1918. In October, 1918, 'appellant filed his petition for leave to file a bill of review, seeking to vacate and annul the decree of March 23, 1918, in toto. The ground alleged for the proposed review · was that appellant had had no notice of any of the proceedings subsequent to the decree pro confesso; and the record of the proceeding for divorce and alimony were found to sustain appellant's contention in respect of notice. A defendant against whom a decree pro confesso is taken can appear and contest a decree on the merits of the bill, or may appear before the register on a reference. Code, § 3166. But this does not mean that at every step the court must perfect a new service. Appellant was in contempt, and, but for the statute, had no right to be heard, and of course was not entitled· to further notice. Mussina v. Bartlett, 8 Port. 277. His privileges under the statute ended with the prescription of the statute, and the liabilities incurred by reason of neglect and perversity were not further extended. Thornton v. Neal, 49 Ala. 590. There was therefore no merit in the proposed bill of review.

[2] November 25, 1919, the court made a decree vacating the decree of March 23, 1918, in so far as that decree purported to establish appellee's right to alimony, and still later, June 14, 1920, in response to appellee's formal motion, the court, being of opinion that "it would not be just or lawful to deprive the complainant of her right to alimony," decreed a reference to ascertain proper alimony, and ordered the decree of November 25, 1919, to be "held up for a final decree in the matter after alimony has been determined." This last decree is assigned for error, with an alternative motion for a writ of mandamus ordering a vacation of the decree in the event it shall be determined that such decree is not appealable.

On this appeal we cannot, of course, consider wherein any order or decree of the court operated to the prejudice of appellee, nor can appellant be heard to complain that a decree has been made purporting to set aside so much of the decree of November 25, 1919, as did establish appellee's right to alimony. Appellant's contention takes several

turns, but all of them lead at last back .to this, that the decree of the date last mentioned was void as to alimony, and that in other respects the court had no right to disturb it. We have indicated our consideration of both branches of this proposition: On the authorities cited the first is wholly untenable; of the second, whether tenable or not, appellant cannot complain. It follows that no error has been committed of which appellant can complain.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.