[S. F. No. 10311. In Bank.—September 20, 1923.]

## EARL F. KNOOB, Respondent, v. CATHERINE STARK KNOOB, Appellant.

[1] DIVORCE—CONTEMPT—DENIAL OF RELIEF.—A party to a divorce suit cannot, with right or reason, ask the aid or assistance of the supreme court in hearing her demands while she stands in an attitude of contempt to the legal orders and process of the courts of this state, which she seeks to avoid through the intervention of an appeal to the supreme court.

MOTION to dismiss appeal from an order of the Superior Court of the City and County of San Francisco modifying an interlocutory decree of divorce. E. P. Shortall, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Boyer & Havens and James H. Boyer for Appellant.

Frank L. Guerena for Respondent.

WASTE, J.—This is a motion to dismiss an appeal. In an action for divorce pending in the city and county of San Francisco, the defendant wife was awarded an interlocutory decree of divorce, and was given the custody of the minor child of the parties, a little girl then of the age of twelve months, subject to the right of the father to see and visit with the child at all reasonable times, and upon the further condition that the defendant should not take the

Remedy for refusal to permit access to or visitation of children as provided by decree of divorce, note, L. R. A. 1917B, 290.

child out of the state of California for a period exceeding two weeks at any one time without a written order of the trial court. Subsequently the court modified the decree and the custody of the child was awarded to the plaintiff, subject to the right of the mother to see and visit the child at all reasonable times, and subject to the condition that neither of the parties should take the child out of the state of California without a written order of the trial court. Since the modification of the decree, the plaintiff has exhausted all means to procure the presence of the defendant and the minor child within the jurisdiction of the California courts. He obtained writs of *habeas corpus,* orders to show cause, and orders directing the arrest of the defendant for contempt of court. The efforts of the plaintiff were strenuously resisted by defendant through counsel who at all times appeared for her, although she herself remained outside the jurisdiction of the court. The defendant appealed from the order of modification, and when the matter came on for hearing in this court the respondent moved to dismiss the appeal upon the ground that the appellant was a fugitive from justice and in contempt of court, and for that reason not entitled to invoke the aid of the court.

It was shown that the appellant in violation of the terms of the modified decree has taken and kept the child out of the state of California without the consent of the respondent, and without permission of the trial court. The child at the time the case was called here was out of the state but in the custody of the appellant, who it was shown by affidavit has remarried and is living in the republic of Guatemala. One continuance was granted in order that the appellant and the child might be produced in the jurisdiction of the court. When the case was next called, counsel for appellant admitted in open court that he did not know the whereabouts of his client.

But one conclusion can be reached from the foregoing facts. It is very clear that the appellant has determined to set at naught the due process and orders of the courts of California, and does not intend to obey their mandate respecting the custody of the minor child. Under such circumstances she is not entitled to press her appeal in this court. By her appeal she is seeking the court's aid, and it is manifestly just and proper that in invoking that aid

she should submit herself to all legitimate orders and processes. [1] She cannot, with right or reason, ask the aid or assistance of this court in hearing her demands while she stands in an attitude of contempt to the legal orders and processes of the courts of this state which she seeks to avoid through the intervention of an appeal to this tribunal. (*O'Neill* v. *Thomas Day & Co.*, 152 Cal. 357, 362 [14 Ann. Cas. 970, 92 Pac. 856].)

A situation somewhat analogous to that presented on this motion to dismiss was considered in *Weeks* v. *Superior Court*, 187 Cal. 620 [203 Pac. 93], where, after reviewing the authorities, the court said: "No rule of law seems more widely prevalent or better established than that a court whose authority has been put to naught will extend no favors or privileges to the party in contempt until he has acknowledged its authority by purging the offense." Appellant has had ample opportunity to place herself in position to submit to the lawful order of the superior court in relation to the custody of the child. Her past actions indicate that not only is she determined to set at naught the authority of the trial court, but that her attitude will be the same toward any judgment or order made by this court in disposing of her appeal.

The appeal is dismissed.

Richards, J., *pro tem.*, Lawlor, J., Lennon, J., Seawell, J., Kerrigan, J., and Wilbur, C. J., concurred.