(104 So. 804)

### McENTIRE v. McENTIRE.   (8 Div. 746.)

(Supreme Court of Alabama.   June 11, 1925.)

**1. Divorce ⊜⟹303(1)—Reservation in decree for purpose of modification as to custody and control of children proper.**

Divorce decree may properly contain reservation for purpose of modifying decree as to custody and control of children as thereafter may be shown to be proper and for best interest of children.

**2. Divorce ⊜⟹312 — Wife, removing children contrary to order of court, in contempt, and will not be heard on merits on appeal.**

Wife, who violated order of court giving custody of children to husband, by removing them from jurisdiction of court pending her appeal, is in contempt, and cannot be heard on merits while in contempt, as party having custody of children pending appeal becomes agent of court.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill by Auline McEntire against Clyde McEntire for custody of children and injunction restraining interference by respondent. From a decree for respondent, complainant appeals. Appeal dismissed.

Wert & Hutson, of Decatur, and G. O. Chenault and Tennis Tidwell, both of Albany, for appellant.

The prosecution of the appeal removed the cause wholly into the Supreme Court, and suspended power of the circuit court. Ex parte Hood, 107 Ala. 520, 18 So. 176; Ex parte Cudd, 195 Ala. 80, 70 So. 721; Masterson v. Ogden, 78 Wash. 644, 139 P. 654, Ann. Cas. 1914D, 885; 9 R. C. L. 468; 19 C. J. 361; 31 Cal. App. 698, 161 P. 276. Appellant is not in contempt. Ex parte Vaughn, 205 Ala. 296, 87 So. 792.

A. J. Harris, of Decatur, for appellee.

To remove the wards out of the jurisdiction of the court is a contempt, and upon appeal the offending party will not be heard. 31 C. J. 991; Burns v. Shapley, 16 Ala. App. 297, 77 So. 447.

THOMAS, J.   The decree of the court denied relief to the wife, and awarded custody of the children to the father; and complainant is enjoined from interfering with the custody and control of the children.

[1] The decree of the court properly contained the reservation for the purpose of modifying the decree "as to the custody and control of the children as hereafter may be shown to be proper and for the best interest of the children." McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674. Such is the nature of like decrees. Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Morgan v. Morgan, 203 Ala. 516, 84 So. 754; Jones v. Jones, 131 Ala. 445, 31 So. 91.

The appeal was taken to this court on February 3, 1923, by giving an appeal bond. There was no supersedeas. The appellee moves this court to dismiss the appeal on the alleged ground that appellant is guilty of contempt in moving the children out of the state or in secreting them so that their custody cannot be controlled by the process of the court.

[2] It is settled that the removal of wards of the court beyond its jurisdiction is a contempt, and upon appeal the offending party will not be heard on the merits of the cause. Ex parte Pearce, 111 Ala. 99, 20 So. 343; Crabtree v. Baker, 75 Ala. 91, 51 Am. Rep. 424; Jacoby v. Goetter, 74 Ala. 427; Warwick v. State, 73 Ala. 486, 49 Am. Rep. 59; Mussina v. Bartlett, 8 Port. 277; Wright v. Wright, 205 Ala. 519, 88 So. 828; Ex parte Vaughn, 205 Ala. 296, 87 So. 792; Burns v. Shapley, 16 Ala. App. 257, 77 So. 447. The party having the custody of infants pending appeal becomes the agent of the court. Ex parte Roberts, 17 Ala. App. 538, 85 So. 871.

It is made to appear from affidavits on file in support of the motion of respondent in the decree that the complainant has vio-

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lated the order or decree of the court as to said children and their removal from the jurisdiction of the court pending appeal, and is therefore in contempt, and may not be heard in this court on the merits while in contempt. Burns v. Shapley, supra; 31 C. J. 991, 992.

The order in the premises was not void, as was the case in Board of Revenue v. Merrill, 193 Ala. 521, 68 So. 971.

The appeal is dismissed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.