Argued June 19; appeal dismissed July 28, 1931

## FRIENDLY *v.* FRIENDLY
(2 P. (2d) 1)

*R. C. Bradshaw,* of Portland (Joseph, Haney & Veatch, of Portland, on the brief), for appellant.

*Lawrence T. Harris,* of Eugene, and *Albert B. Ridgway,* of Portland (Ridgway, Johnson & Kendall, of Portland, on the brief), for respondent.

■■ KELLY, J. "A decree of a court of one state ordering the custody of a child is not binding upon the courts of another state under the full faith and credit clause of the Federal Constitution after the child has become domiciled in the latter state. Such a decree as to a child has no extraterritorial effect beyond the borders of the state of its rendition." *Griffin v. Griffin,* 95 Or. 78, 84 (187 P. 598).

Plaintiff's course in keeping her son in California, and in applying to a court of that state for the appointment of a guardian for him, clearly indicates that

she has determined to set at naught the due process and orders of the courts of Oregon, and that she does not intend to obey their mandate respecting the custody of the minor child. We quote from an affidavit filed by plaintiff:

"That said minor is now and for more than three (3) years last past has been a resident of the state of California; that he absolutely refused, and still refuses, to leave his home in said state; that he insisted on attending Galileo high school, in the city and county of San Francisco, state aforesaid, and is now in attendance at said school; that he absolutely refused, and still refuses to go to any private school; that when said proceedings were had in Portland, Oregon, resulting in said decree of July 22, 1930, said minor was merely a sojourner in said state of Oregon, on his way to Alaska with his father on a trip; that said minor was not a party to said proceedings; never given notice thereof, nor was he represented therein; that affiant has been advised by her counsel and verily believes that under the laws of the state of California, the right of said minor to attend its schools is a vested property right, and that he may not be deprived thereof without due process of law; that said minor will attain the fourteenth year of his age on the 26th day of October, 1930; that in said guardianship proceedings said minor has appeared by his guardian ad litem, Edmond E. Herrscher, duly appointed to appear as such for said minor in said proceedings, and has filed an answer therein, pursuant to a citation issued to said minor in said proceedings, requiring said minor to appear and show cause, if any he had, why his said mother should not be appointed guardian of his person; that in the said answer said minor elects his said mother as the guardian of his person and joins with her in her said petition that she be appointed such guardian and that he be permitted to continue his studies in said Galileo high school."

■ Under such circumstances plaintiff is not entitled to press her appeal in this court: *Knoob v. Knoob*, 192 Cal. 95 (218 P. 568); *McEntire v. McEntire*, 213 Ala. 328 (104 So. 804); *Burns v. Shapley*, 16 Ala. App. 297 (77 So. 447); *Landsown v. Landsown*, 12 Ky. L. R. 509.

*Ward v. Ward*, 70 Vt. 430 (41 Atl. 435), cited by plaintiff, is a case wherein the wife was petitioner under a statute of the state of Vermont for the custody of children. The husband was the petitionee. The husband left the state immediately after the petition and summons were served upon him, taking the children with him. That case is distinguishable from the case at bar. The parties were not divorced. The court had exercised no authority over the children. The husband was not before the court asking its favor. Moreover, we note the following language in that decision:

"If the petitionee had, by his counsel been before the court asking its favor, or if the question of whether the petitionee should be heard had been discretionary with the court, it could have denied a hearing until the petitionee purged himself of the contempt by coming before the court and having the children within its jurisdiction."

Among the other cases cited by plaintiff, there is none wherein a party to a divorce suit had removed children from the territorial jurisdiction of the court, and, while thus depriving the court of the authority to make an enforceable decree, had attempted to prosecute an appeal from an order with respect to the custody of such children. For that reason these cases are not in point.

The dismissal of an appeal under the facts above outlined is in no sense imposing any punishment, nor

is it denying any right, nor, for that matter, withholding any favor. It is simply a declaration by the court that it will not do a vain and useless thing, namely, make an unenforceable order at the instance of the party whose conduct renders such an order unenforceable.

For the reasons above stated, plaintiff's appeal is dismissed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.