## Roberts v. Roberts.

Sept. 25, 1945.

Fred K. Cope for appellant.

C. W. Napier for appellee.

Opinion of the Court by Judge Cammack—Reversing.

Johnnie Roberts, a member of the armed forces, instituted this action for a divorce from Virginia Mae Roberts, and to obtain custody of their three year old daughter. Both parties were residents of Perry County, Kentucky. The chancellor properly granted Roberts a divorce, but refused to pass upon the question of the custody of the child, because Mrs. Roberts had gone to Ohio after the issues had been joined, proof had been taken and the cause submitted for final determination by agreement of the parties. Presumably, Mrs. Roberts took her daughter with her, as she could not be located in Perry County.

The chancellor's ruling on the question of the custody of the child was based upon the recent case of Callahan v. Callahan, 296 Ky. 444, 177 S. W. 2d 565. In that case the husband resided in Indiana and the wife and child resided in Kentucky. The husband proceeded against his wife by constructive service, and was awarded a divorce and granted the custody of the child. We held that the

part of the Indiana judgment relating to the custody of the child was not binding in this state, because at the time of its rendition the child was residing with its mother in Kentucky, and therefore was not within the jurisdiction of the Indiana court.

Mrs. Roberts employed counsel who filed pleadings for her, cross-examined the husband's witnesses and joined in the motion for a final determination of the cause. As a matter of fact, Mrs. Roberts and her daughter were present when the husband's depositions were being taken. As pointed out in 14 Am. Jur., Courts, section 195, when jurisdiction once attaches, it is not lost by the removal of the defendant from the jurisdiction. Mrs. Roberts and the child were within the jurisdiction of the Perry Circuit Court, and, as we have noted, she actually participated in the cause. It is our view that once jurisdiction attached, as it clearly did in this instance, the Perry Circuit Court had the power to determine finally all the issues involved in the cause. To hold otherwise would make it virtually impossible to arrive at a final determination of the custody of a child in a divorce proceeding, because all that the party who had the custody of the child would have to do would be to remove the child from the jurisdiction of the court before judgment was entered, even though the issues had been joined, proof taken and the cause submitted.

Wherefore, the part of the judgment relating to the custody of the child is reversed, with directions that it be set aside, and for the chancellor to proceed to pass upon that question.