Application of JUANITA COLLINS BUTTS for a Writ of Habeas Corpus. JUANITA COLLINS BUTTS, Applicant and Appellant, v. MERLE L. COLLINS, Respondent.

No. 9434.

Submitted May 17, 1955. Decided November 17, 1955.

289 Pac. (2d) 949.

Messrs. Shallenberger and Paddock, Missoula, for appellant.
John W. Bonner, Helena, for respondent.
Mr. William F. Shallenberger and Mr. Bonner argued orally.

MR. JUSTICE ANGSTMAN:

This appeal is by applicant from a decree in habeas corpus. Appellant was formerly the wife of respondent and the mother of three minor children of the parties. Appellant and respondent were divorced in Oregon by decree entered on June 19, 1952, wherein the appellant was given the care and custody of the minor children.

It is alleged in the petition for the writ that respondent had persistently refused to surrender the children to the custody of the petitioner and has removed and secreted them for many months; that the said minor children are now in the care and custody of the respondent and his agent, Lauretta Gable, near Thompson Falls, which care and custody is in violation of the order of custody given and made in the decree of divorce.

Upon the filing of the petition for the writ and the hearing of some oral evidence, ex parte, on the 25th day of April 1954, the court issued the order granting the writ and made it returnable on the 26th day of April at 9:30 a.m. On the return day the respondent appeared and through his counsel requested a continuance of the hearing in order to enable him to prepare his defense and to obtain witnesses, many of whom resided in the State of Oregon. This request was granted and the hearing continued until May 10th at 9:30 a.m. The court however proceeded to hear the evidence submitted on behalf of applicant, the substance of which was to sustain the allegations of her petition. On advice of counsel respondent refused to testify as a witness for appellant on the ground that his testimony might tend to incriminate him. The court by its temporary order granted the custody of the children to the mother until the 10th day of May, and allowed her to take them without the State of Mon-

tana and to the State of Oregon with the promise and assurance that they would be in court at 9:30 a.m. on the 10th day of May.

On the 10th day of May applicant failed to appear at the hearing in person, and failed to present the children in court. Her counsel announced to the court that he had a telegram from his client stating that she was unable to be present at the hearing but giving no reason for her inability to be there. In the meantime, and on May 7th, respondent filed his answer in which he denied most of the allegations of plaintiff's petition and alleged affirmatively that the Oregon court was without jurisdiction to award custody of the children for the reason that the children were without the State of Oregon at the time the decree of the court was rendered. It also alleged that petitioner is not a fit and proper person to have the care and custody of the minor children and that she abandoned them on the 5th day of October, 1951, without cause and left them in the care and custody of respondent.

On the 10th day of May the court proceeded to hear evidence offered on behalf of respondent in support of the allegations of his answer. Applicant offered no further evidence but her counsel cross-examined some of respondent's witnesses. The court, by its decree, declared that petitioner is an unfit person to have the care and custody of the minor children; it found that the respondent is a fit and proper person to have the custody; that applicant is in contempt of the court for failure to comply with the order made on the 26th of April, permitting her to take the children to Oregon for a period of two weeks; it denied the writ of habeas corpus to applicant and awarded the custody of the children to respondent. This appeal is from that decree.

At the hearing it developed that the respondent did not contest the divorce action in person, but did employ a lawyer who appeared in his behalf. Respondent's testimony was to the effect that while the divorce action was pending his lawyer advised him that he could do nothing for him and that "if you want to keep those children your only chance is to get away from her, because it's a spite case on her part, and if she can't reach

.you then I think she will let you alone.'' Acting on this advice, respondent left the State of Oregon in May 1952 and took the children with him, first to Idaho and then to the State of Montana.

His contention that the Oregon court had no jurisdiction to .award the custody of the children while they were thus absent from the State of Oregon is without merit. The rule applicable is stated in 27 C.J.S., Divorce, section 333, page 1299, as follows: ''Where the court has jurisdiction of the parties and subject matter, removal of the children of the parties from the state prior to the decree does not deprive the court of jurisdiction to fix the custody of such children or disentitle the decree to recognition in another state.'' To the same effect is the note in 4 A.L.R. (2d) 31.

As was said in Roberts v. Roberts, 300 Ky. 454, 189 S.W. (2d) 691, 692 (a case which we cited and quoted from with approval in Talbot v. Talbot, 120 Mont. 167, 181 Pac. (2d) 148), ''To hold otherwise would make it virtually impossible to arrive at a final determination of the custody of a child in a divorce proceeding, because all that the party who had the custody of the child would have to do would be to remove the child from the jurisdiction of the court before judgment was entered, even though the issues had been joined, proof taken and the cause submitted.''

We have recognized this rule in a case where the children were removed from the state wrongfully after the decree was entered in State ex rel. Nipp v. District Court, 46 Mont. 425, 128 Pac. 590, Ann. Cas. 1916B, 256. Contrary to the contention of respondent, these children were never residents of the State of Montana, but at all times have been residents of the State of Oregon. The mother, who was awarded the custody of the children, had the right to fix their residence. In re Metcalf's Estate, 93 Mont. 542, 19 Pac. (2d) 905; R.C.M. 1947, section 61-121. And the mother's residence determines that of the children. 28 C.J.S., Domicile, section 12, page 22, note 37. Certainly they were residents of the State of Oregon when the Oregon court awarded the custody to their mother. Their residence

could not be changed except by the mother. Ex Parte Lorenz, 194 Or. 355, 241 Pac. (2d) 142, 242 Pac. (2d) 200. And this was never done. The Oregon court had jurisdiction to decree the custody of the children in the divorce action. That decree is entitled to full faith and credit here. Art. IV, section 1, of the United States Constitution. Any question of the fitness of the mother to have the care and custody of the children and her claimed abandonment of them should have been brought to the attention of the Oregon court before the award of custody was made.

We call attention to the fact that most of the evidence of unfitness relates to the time when the custody of these children was first awarded to the mother by the Oregon court. What the conditions are today is entirely a different matter. It appears that the applicant has since married another man and from aught that appears in the record she may now be entirely fit and proper to have the custody of the children. At any rate that is a subject that must be presented, if at all, to the proper court of the State of Oregon, which has jurisdiction over the custody of these children.

We point out also that this is not a case where the respondent father rightfully removed the children from the State of Oregon as in the case of In re Enke, Mont., 287 Pac. (2d) 19.

Though the answer of respondent raised no such issue, he was permitted to testify that no summons was ever served on him in the divorce action. He admitted however that a copy of the complaint in the divorce action was served on him. The failure to serve a copy of the summons was immaterial where, as here, it appears from the face of the Oregon decree that respondent appeared generally in the divorce action through his counsel. By thus appearing generally therein respondent submitted to the jurisdiction of the Oregon court for all purposes.

With respect to the order of the court declaring applicant to be in contempt of court, it is sufficient to say that no such adjudication can stand in the absence of a citation for contempt and an opportunity to defend. Applicant may have a perfectly

legitimate excuse for not being present at the hearing so as to purge her of any contempt charge. Her conduct, if contemptuous, would furnish no justification for changing the custody of the children but would furnish the basis for proper contempt proceedings. Evans v. Taylor, Tex. Civ. App., 128 S.W. (2d) 77.

On the record applicant is entitled to the custody of the children in question here, all is provided in the decree of the Oregon court. Appellant's conduct in disregarding the order of the court is by no means condoned, even though she but followed the example set by respondent in removing the children from the State of Oregon. Her unjustified refusal to comply with the court's order should not deprive her of the benefits of the Oregon decree which had jurisdiction to award the custody of the children.

The decree is reversed and the cause remanded with directions that the court order the children to be committed to the custody of applicant all as provided in R.C.M. 1947, section 94-101-21.

MR. CHIEF JUSTICE ADAIR: (dissenting in part but concurring in the result).

I am unable to agree with much that is said in the foregoing opinion but I concur in the result and in the order determining the appeal.

The parties were divorced on June 19, 1952, in the State of Oregon. The decree awarded the care, custody and control of the minor children of the marriage to the mother, who is the appellant in the instant action. With both parents before the Oregon court it had jurisdiction to award the custody of the minor children of the marriage irrespective of whether such children were actually within the state of the forum at the time of the entry of the decree. State v. Rhoades, 29 Wash. 61, 69 Pac. 389; Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W. (2d) 566, 9 A. L. R. (2d) 428; Smith v. Ansley, Tex. Civ. App.,

257 S.W. (2d) 156; Krasnow v. Krasnow, 140 Conn. 254, 99 A. (2d) 104.

The jurisdiction to determine the question of custody of the minor children of the marriage does not depend upon the domicile of the children but it arises out of the power possessed by every sovereignty having jurisdiction over the parents to determine the status and the custody that will best meet the needs and interests of their minor children.

Where a court has once acquired jurisdiction of the minor children their removal from the territorial jurisdiction of the trial court, either prior to or subsequent to the entry of a decree awarding their custody, does not oust such trial court of jurisdiction to fix their custody.

Where, as here, the custody decree has been given and entered in the court of a sister state it should be regarded as final for the purpose of being accorded full faith and credit in another state until such time as it shall have been modified or annulled by the court that rendered it.

It has been held that, as a matter of comity, a court should refuse to deal with the future welfare of minor children who are already wards of a sister state court and it should recognize a custody decree of the court where originally given and entered. Burns v. Shapley, 16 Ala. App. 297, 77 So. 447. Also see Brown v. Cook, Utah, 260 Pac. (2d) 544, 546.

In Conrad v. Conrad, Mo. App., 296 S.W. 196 at page 198, the court said: "However, the removal of a child from the state is not a taking of it beyond the jurisdiction of the court in the sense that the court thereby loses jurisdiction to change or modify its decree in the future, should subsequent events require it, inasmuch as both parents, having necessarily been parties to the action for divorce, are personally bound by the court's decrees and orders."

In my opinion it is wholly immaterial whether the minor children are rightfully or wrongfully removed beyond the boundaries of the state wherein the decree was given and entered for in neither case does such removal oust the original trial court

of jurisdiction to make the proper custody award or to change or modify its decree in such manner as the welfare and best interests of the minor children demand. See my dissent in Application of Enke, 129 Mont. 353, 287 Pac. (2d) 19 at pages 26-39.

For these reasons I dissent to much that is stated in the majority opinion but concur in the order reversing the decree and remanding the cause with directions that the minor children of the parties be and remain in the custody of their mother, she being "such person as is by law entitled thereto." R.C.M. 1947, section 94-101-21.

MR. JUSTICE BOTTOMLY:

I concur in the result reached in Mr. Justice Angstman's opinion and also in the above views of Mr. Chief Justice Adair.

MR. JUSTICE DAVIS:

I dissent.

Without heeding the admonition of this court in State ex rel. Cash v. District Court, 58 Mont. 316, 195 Pac. 549, the judge below permitted the appellant to take the three children, whose custody is the issue here, out of Montana upon her promise given him to return them to his jurisdiction for the hearing on the merits fixed for May 10, 1954. Thereby the lower court in effect abdicated its jurisdiction in the matter, as we said in the Cash case; for with the mother (appellant here) and the children in Oregon the Montana court could not enforce or otherwise make effective any order or judgment it might make when the case was finally disposed of.

And such precisely was the position in which the trial court found itself when its decree was entered on May 15, 1954, among other things, awarding the custody of these children to the father, Merle L. Collins, the respondent in this court. An identical situation confronts us now, if we hear this appeal upon its merits.

The children are yet in the State of Oregon. The mother, who

here asks us to take her appeal, has refused to return them to the jurisdiction of either this court or the district court, whose writ and judgment she asked below. If we were to affirm then the judgment adverse to her from which she now appeals, we like the trial court have no means at hand to make that affirmance effective. The mother can, and probably will, flout our authority, should we hold against her, as she has made purposeless the judgment which she has appealed to us.

I agree that she cannot be adjudged guilty of contempt and punished therefor, until after citation issued she has had a hearing and there consistent with our statutes has been formally adjudged guilty. But on this record and indeed by the admissions of her counsel at the bar of this court made on the oral argument of the cause she stands charged with a contempt which she does not deny. Nor has she in any wise purged herself of the clear imputation of guilt, which follows upon that charge.

In these circumstances then this court out of a decent respect for its own dignity has in my opinion but one course open to it. This appeal should be dismissed. Our sister state of Oregon where it seems this mother and these children now are, holds herself in a like case to such a rule. Friendly v. Friendly, 137 Ore. 180, 2 Pac. (2d) 1. In accord I find the Supreme Court of Nevada in Closset v. Closset, Nev., 280 Pac. (2d) 290; the Supreme Judicial Court of Massachusetts in Henderson v. Henderson, 329 Mass. 257, 107 N.E. (2d) 773; the Supreme Court of Alabama in McEntire v. McEntire, 213 Ala. 328, 104 So. 804; the Supreme Court of California in MacPherson v. MacPherson, 13 Cal. (2d) 271, 89 Pac. (2d) 382, and in Knoob v. Knoob, 192 Cal. 95, 218 Pac. 568; the Court of Appeals of Kentucky in Casebolt v. Butler, 175 Ky. 381, 194 S.W. 305; the Supreme Court of Illinois in Lindsay v. Lindsay, 255 Ill. 442, 99 N.E. 608; the Supreme Court of Washington in Pike v. Pike, 24 Wash. (2d) 735, 167 Pac. (2d) 401, 163 A.L.R. 1314.

In Knoob v. Knoob, supra, 192 Cal. at page 96, 218 Pac. at page 569, the California court has spoken directly in point upon the case now at our bar: "It is very clear that the appellant has

determined to set at naught the due process and orders of the courts of California, and does not intend to obey their mandate respecting the custody of the minor child. Under such circumstances she is not entitled to press her appeal in this court.''

Consistent with this view of the law I would decline to hear this appeal upon the merits, unless within 30 days after the entry of our warning order to that effect the mother returns these children to the jurisdiction of the district court of Sanders County, and leaves them there subject to its and our jurisdiction such that any judgment which we may enter in the cause may be enforced.

MR. JUSTICE ANDERSON:

I concur in the above dissenting opinion of Mr. Justice Davis.