Per Curiam.

George P. Morrell’s contumacious conduct in secreting both the child and himself from the court was contemptuous of the court and continues to be so, he not having purged himself of such contempt. This contempt affects the due course of procedure in the case by preventing the court from enforcing its decree.
A party in contempt of court is not entitled to prosecute or defend an action when the nature of his contempt is such as to hinder and embarrass the due course of procedure in the cause.
Appellants are not entitled to prosecute their appeal in this court. They cannot, with right or reason, ask the aid of this court while they stand in an attitude of contempt to the legal orders and processes of the courts which they seek to avoid by this appeal. Knoob v. Knoob, 192 Cal., 95; Lindsay v. Lindsay, 255 Ill., 442; Pike v. Pike, 24 Wash. (2d), 735; Henderson v. Henderson, 329 Mass., 257; Ellis v. Doherty, 334 Mass., 466.
The motion of the appellees to dismiss the appeal is sustained, and the appeal is dismissed.

Appeal dismissed.

Taft, C. J., Zimmerman, Matthias, 0 ’Neill, Griffith, Herbert and Gibson, JJ., concur.