JOYCE C. VESETH, Plaintiff and Appellant, v. ANDREW
VESETH, Defendant and Respondent.

No. 10892.
Submitted January 10, 1966. Decided February 8, 1966.
410 P.2d 930.

John C. Hall (argued), John Iwen (argued), Great Falls,
for appellant.

Philip W. Strope (argued), Great Falls, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from an order modifying a decree of divorce in the eighth judicial district for the County of Cascade involving the two minor daughters of the parties litigant.

Appellant and respondent husband were married on September 21, 1952, at Hamilton, Montana. Into this union were born two daughters, Andrea Joy, born October 26, 1954 and Ra Nae born June 1, 1956.

On August 15, 1961, appellant sued in Great Falls, Montana, for a decree of divorce. A property settlement and custody agreement were perfected, and on August 24, 1961, a decree of divorce was granted appellant which decree provided among other things that custody of the two minor daughters was awarded to the appellant wife, together with the monthly sum of $220.00 for the support, maintenance and.education of the minors; respondent to have the right of reasonable visitation.

On July 13, 1964, the respondent filed a petition for the modification of the divorce decree of August 24, 1961, reciting valid reasons, if proven, for his custody of the two children. Respondent's petition alleged that subsequent to the divorce decree, appellant lived with another man although unmarried, with the children in the same household; that appellant without consent of the court removed the children to the State of Oregon; that appellant subsequently married her paramour; that appellant's new husband committed abusive acts on the two minor daughters; that respondent had remarried and had an excellent home for the children.

In answer to respondent's petition for modification, appellant filed a motion to quash under Rule 12(b) (1), M.R.Civ.P., contending that the court was without jurisdiction to transfer custody of the children from the mother to the father for the reason that appellant and the two minors were residents of the State of Oregon; and that the respondent's petition was verified on information and belief, rather than making positive allegations of fact.

On the same day, July 16, 1964, appellant filed her affidavit

reciting that on November 5, 1962, she had married one Dave Ronquillo at Choteau, Montana; that she had advised her former husband, respondent herein, that she was moving to Newport, Oregon, the home of her parents.

Appellant petitioned the court for attorney's fees in the sum of $500.00 for the purpose of resisting respondent's petition, this sum was allowed by the court and respondent paid the same in conformity with the order of the court.

Hearing on respondent's petition to modify was held on July 30, 1964, before the Honorable R. J. Nelson, presiding judge. The court denied appellant's motion to quash and testimony was offered. Appellant testified that she was a resident of the State of Oregon; that she had divorced Ronquillo in Oregon; and that she intended to remain in Oregon and that was her residence.

The cross examination disclosed that appellant had moved all of her furniture from Oregon, had rented a home in Great Falls and installed her furniture, and had made six applications for employment with Great Falls business firms.

Respondent testified that he had had gainful employment for 17 years and was earning in excess of $15,000.00 per year; that he had a large new modern home and had remarried.

We shall not comment further on the testimony except to observe that credible testimony was elicited to uphold the trial court's findings that the best interests of the minor children were to place them with the respondent father.

On July 31, 1964, the trial judge awarded the custody of the two daughters to the respondent, with appellant to have the right of reasonable visitation, and further attorney's fees in the sum of $250.00, with no further child support payments to appellant. The modified judgment contained also an express order that the two children were not to be removed from the State of Montana until a hearing was had, with both parties present, and thereafter on order of the court.

It is from this order modifying the decree that appellant

172

appeals, citing eight specifications of error which can be materially reduced to two questions in this opinion.

(1) That the court erred in failing to sustain appellant's motion to quash on the ground of lack of jurisdiction; and

(2) That the court erred in awarding custody of the children to respondent.

As to the first alleged error, appellant's position is that she and the children are residents of Oregon and were only temporarily visiting in Montana, and that the Montana court does not have jurisdiction. For this proposition appellant cites In re Metcalf's Estate, 93 Mont. 542, 546, 19 P.2d 905; Butts v. Collins, 129 Mont. 440, 289 P.2d 949, and Application of Enke, 129 Mont. 353, 287 P.2d 19.

However, in spite of appellant's declarations of Oregon residence, to the contrary the testimony proved, as related heretofore, these factors: Both parties had been lifelong residents of Montana, had been married in Montana, divorced in Montana, and child custody and support decreed in Montana with no specific permission to remove the children from Montana. Appellant remarried in Montana and then became a resident, domiciled in Oregon where she obtained a second divorce as a resident of Oregon. During this stormy interlude of the second marriage, the circumstances concerning the minor children occurred. Following this, appellant moved her furniture from Oregon back to Montana, rented a home in Great Falls, her former residence, sought her old job, made at least five other employment applications, and finally was served and appeared in the Montana court.

Under these circumstances the trial court denied the motion to quash the petition for modification on jurisdictional grounds. Its findings and ruling have ample support in the record, since it is clear, that even assuming that at one period of time the appellant mother had divested the Montana jurisdiction by lawfully removing the children to Oregon residence, the appellant's return to Montana under the circumstances re-

lated made her a resident of Montana. Her numerous acts speak louder than words.

The general rule is set forth in 28 C.J.S. Domicile § 18, p. 45, in these words:

"More weight or importance will be given to a person's acts than to his declarations, and when they are inconsistent, the acts will control. It is said in this connection that actions speak louder than words, but that the words are to be heard for what they are worth." (And see 17A Am.Jur., Domicil, § 97.)

In a leading case, Elwert v. Elwert, 196 Or. 256, 248 P.2d 847, 36 A.L.R.2d 741, the Oregon Supreme Court in an action seeking to declare invalid a divorce decree in Idaho on the grounds of a lack of domicil or residence in Idaho, discuss domicil at length, stating the above general rule and quoting from Reed's Will, 48 Or. 500, 510, 87 P. 763, 9 L.R.A.,N.S., 1159, as follows: "* * * This intention, it is true, may be inferred from circumstances, and the residence may be of such a character and accompanied by such indices of a permanent home that the law will apply to the facts a result contrary to the actual intention of the party * * *.' "

It is seen then, that even though appellant's expressed (not actual) intention was to remain in Oregon, we would look to the facts and circumstances and they speak louder than words; we might even go further, and even if her *actual* intention were to remain in Oregon where the divorce, custody and support has been in our courts, the indices of reestablishing a permanent home in Montana would impel a result contrary to the intention of the party.

In our view, the cases relied upon by appellant cited previously, In re Metcalf's Estate, Application of Enke and Butts v. Collins, are not specifically applicable. However, Butts v. Collins leads to the same result as does Talbot v. Talbot, 120 Mont. 167, 181 P.2d 148.

Thus, we find no merit in the first question.

As to the second question presented, we have already

indicated that there was ample credible testimony as to a change of circumstances making it for the best interests of the children to be placed in the custody of the father. We have chosen not to state the testimony indicating a poor environment, to say the least, that had existed for the children. The evidence certainly demonstrated, at the very least, that appellant has a certain emotional instability which makes her unfit for the continued care of the children, and that on the other hand, the father has a proper home for them. The best interests of the children are the paramount consideration. (Barbour v. Barbour, 134 Mont. 317, 330 P.2d 1093, Barham v. Barham, 127 Mont. 216, 259 P.2d 805, Anderson v. Anderson, 145 Mont. 244, 400 P.2d 632.)

We have examined other alleged errors than those discussed but have found no merit. Accordingly, the order is affirmed.

MR. JUSTICES JOHN C. HARRISON, ADAIR and CASTLES concur.

MR. CHIEF JUSTICE JAMES T. HARRISON heard the argument in this cause but deemed himself disqualified to participate in the decision herein and therefore takes no part in this opinion.