ARDELLA MAE BRANDNER, Plaintiff and Respondent, v. HENRY C. BRANDNER, Defendant and Appellant.

No. 11423.
Decided February 5, 1970.
464 P.2d 508.

Frisbee & Moore and J. Allen Bradshaw, Cut Bank, J. Allen Bradshaw, argued, Cut Bank, for appellant.

Ardella Mae Whitney, Aberdeen, S. D., for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Plaintiff was granted a decree of divorce in Toole County, Montana, on November 23, 1965, which provided, among other things, that while plaintiff was granted custody of the children, defendant would have the right of reasonable visitation and would have temporary custody for the month of July each year.

On August 3, 1967, defendant petitioned for modification of these provisions contending that plaintiff refused to allow defendant custody of the children during July and that plaintiff was not a fit and proper person to have custody of the children and that defendant was such. The court set a hearing upon the petition for August 11, 1967. Upon the return day plaintiff appeared through counsel, entering a special appearance challenging the jurisdiction of the court over the plaintiff and the minor children, alleging they were residents of the State of South Dakota. Defendant was present with his witnesses but the court would not permit testimony to be taken. Briefs were thereafter filed and on October 4, 1967, the district court sustained plaintiff's position and dismissed defendant's petition on the ground the court had no jurisdiction over the plaintiff and the minor children or power to modify the court's own decree.

From this order defendant appealed, contending that there was no showing of a change of domicile upon which the court could base its order, and secondly, even if there was, the court had jurisdiction to entertain the petition.

In the district court plaintiff relied upon Application of Enke, 129 Mont. 353, 287 P.2d 19, cert. denied Enke v. Baucus, 350 U.S. 923, 100 L.Ed. 808, 76 S.Ct. 212, and later discussions of the rule there laid down contained in State ex rel. Lessley v. District Court, 132 Mont. 357, 318 P.2d 571 and Veseth v. Veseth, 147 Mont. 169, 410 P.2d 930, and the court was convinced the so-called Enke rule should apply to the circumstances of this case. As was stated in the court's memorandum of decision: "Now is there anything about this case that would make it an exception to the general rule in Montana?" The court then went on to set forth briefly the fact situation and concluded: "Apparently, defendant's remedy is to seek custody of his children in South Dakota. Defendant argues the wisdom of the Montana rule and makes good argument against it. However,

it is not for this Court to change the law, but to follow it as defined by statute and as interpreted by our own Supreme Court."

The rule announced in the Enke case has been called by many text writers and authors of court opinions a "minority view." Two recent cases serve to clarify the situation, both decided since this case was before the district court. The first is Carroll v. White (1968), 151 Mont. 332, 443 P.2d 13, where a mother brought an action to recover custody of two minor children from their father. The parents were divorced in the state of Washington and thereafter the father moved to Montana. The mother permitted the boys to go to their father's residence to spend a month or six weeks with him, the father having agreed to return the boys at the end of that period. He did not return them and following a hearing the district court ordered them returned to their mother in Washington. In our opinion we stated:

"Here, we have minors who are residents of the State of Washington subject to a custodial order of the courts of that state who are temporarily residing in Montana and the trial court recognized that the Washington decree controlled their custody. Article IV, section 1 of the Constitution of the United States provides: 'Full faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings, of every other State.'

"This Court in a case similar in facts to the case at bar, said: 'The mother who was awarded the custody of the children, had the right to fix their residence. * * * And the mother's residence determines that of the children. * * * Certainly they were residents of the State of Oregon when the Orgon court awarded the custody to their mother. * * * The Oregon court had jurisdiction to decree the custody of the children in the divorce action. That decree is entitled to full faith and credit here. * * * Any question of the fitness of the mother to have the care and custody of the children and her claimed abandonment of them should have been brought to the attention

of the Oregon court before the award of custody was made.' Butts v. Collins, 129 Mont. 440, 289 P.2d 949.''

In Corkill v. Cloninger (1969), 153 Mont. 142, 454 P.2d 911, it appeared that a district court refused to recognize prior custody orders of a California court granting custody to the mother and proceeded to award custody to the father. The mother appealed. The opinion of this Court in that case distinguishes the two lines of authority and overrules the Enke rule in these words:

''This brings us to the crux of the problem in the instant case —did the California court have jurisdiction to award the custody of the minor children to the mother by its orders of December, 1966 and July, 1967?

''Two divergent lines of authority are found in the past decisions of this Court, one of which is illustrated by the case of State ex rel. Nipp v. District Court, 46 Mont. 425, 128 P. 590, and the other of which appears in the case of Application of Enke, 129 Mont. 353, 287 P.2d 19.

''In the Nipp case the parents were divorced in Nebraska with custody of the son granted to the father and custody of the daughter awarded to the mother, with each parent granted visitation rights of the child awarded to the custody of the other parent and each parent being enjoined from interposing any obstacle or hindrance to the other. Thereafter the father moved to Montana with his son and established residence here. Subsequently the mother petitioned the Nebraska court for modification of the decree to grant her custody of the son, and the Nebraska court modified the original decree accordingly. Thereafter the mother filed a habeas corpus petition in a Montana district court seeking custody on the basis of the modified Nebraska decree. Under these circumstances this Court held that the amended Nebraska decree was entitled to full faith and credit in Montana and was conclusive in the absence of proof of a change in the fitness of the custodian of the child or a change in the circumstances affecting the custody of the

child subsequent to rendition of the existing custody award. This Court's rationale in determining that full faith and credit be given to the Nebraska custody award is expressed in the following language:

" 'This must be the result; otherwise the court of the state in which a controversy should arise subsequent to the date of the decree would sit as a court of review of the action of a court of a sister state having the same jurisdiction, thus according neither faith nor credit to its findings as to the fitness of the custodian selected by it. At the same time the restriction does not interfere with the exclusive right which the courts of each state have to determin the *status* of persons found within their jurisdiction without control or restriction by the laws of a sister state.' State ex rel. Nipp v. District Court, supra, 46 Mont., at p. 436, 128 P., at 593.

" "The other line of authority is represented by Enke, supra. There the parents and two minor children were residents of California when the father and mother came to a parting of the ways. At that time the father and mother executed a written custody agreement providing for custody in the mother and permitting her to take the children with her and reside in Montana subject to certain visitation rights granted the father. Subsequently the mother sued for divorce in California and was granted an interlocutory decree granting her sole custody of the minor children and the right to determine their place of residence, subject to certain visitation rights granted the father. Following entry of the interlocutory decree the mother and children returned to Montana where they have continuously resided ever since. About a year later the California court entered a final decree of divorce containing the same custody provisions. Some two years later the mother remarried.

"About ten years after entry of the interlocutory decree, the father petitioned the California court for modification of the decree to permit him to have custody of the two minor children during July of each year—notice of the proceedings was given

378

the mother by service upon her in Helena. She authorized an attorney of her selection to appear and resist the application for modification in the California court, but neither she nor the minor children attended the hearing nor were physically present in California at that time. The California court granted the modification requested by the father. The father filed an original proceeding by writ of habeas corpus before this Court to obtain custody of the two minor children during July under the modified California custody award.

"This court held that the modified California award was made by a court without jurisdiction, accordingly was not entitled to full faith and credit in Montana, and discharged the writ. The basis of the holding was that the courts of Montana wherein the minor children were domiciled have jurisdiction to determine their custody; that the California court voluntarily surrendered further jurisdiction concerning custody by entry of a decree with consent of the husband and giving sole custody to the mother and granting her the right to fix their residence, and could not thereafter revive its original jurisdiction after the children became domiciled in Montana on the theory of continuing jurisdiction in child custody awards.

"In our view, the decisions in Nipp and Enke are distinguishable on the facts of the respective cases. In Nipp the child's domicile was established in Montana in violation of the original custody award and the Nebraska court in no way surrendered its original and continuing jurisdiction over custody; in Enke, the children's domicile was established in Montana by express consent of both parents coupled with a custody award to the mother authorizing her to determine the children's residence, the California court thereby voluntarily surrendering any further jurisdiction to modify the original custody award upon establishment of the children's domicile in Montana. In both cases the controlling factor was whether the court of a sister state had jurisdiction to make the custody award in question. If it did its award was entitled to full faith and credit in Mon-

tana; otherwise its award was a nullity even in its own state and was entitled to no faith, credit or effect here. Thus in Nipp full faith and credit was given to the Nebraska decree by the courts of Montana because the Nebraska court had jurisdiction to make the custody award in question, while in Enke full faith and credit was denied the California award because that court lacked jurisdiction to make it.

"Nonetheless there is a fundamental difference in the central holding of the two cases. Nipp recognizes that a court of a sister state lawfully possessing jurisdiction to make a child custody award retains continuing jurisdiction to modify such award even though such child subsequently becomes domiciled in another state. Enke denies jurisdiction to determine custody to any court outside the state of the child's then existing domicile. With this basic holding in Enke we cannot agree and expressly overrule it.

"In our view, the court of a sister state entering a valid custody order retains continuing jurisdiction to modify such award based upon changed circumstances affecting custody since the original award. Section 21-139, R.C.M.1947; Cal.Civ.C. § 138. A change in the child's domicile to a sister state, in itself, does not deprive the court of original award of continuing jurisdiction. State ex rel. Nipp v. District Court, supra. However, it may invest the courts of the child's new domicile with concurrent jurisdiction to readjudicate custody based upon changed circumstances affecting custody since entry of the existing valid custody award. Sampsell v. Superior Court, 32 Cal.2d 763, 197 P.2d 739 (1948); Fenner v. Bassett, Alaska, 412 P.2d 318, 320 (1966).

"Thus the courts of either state may possess jurisdiction to make a subsequent custody award, but such subsequent awards must be based on changed conditions affecting custody since entry of the existing valid custody award. In this manner, the constitutional requirement that full faith and credit be given

to valid judgments and orders of the courts of a sister state is satisfied."

In view of these holdings the district court should assume jurisdiction of the defendant's petition and proceed to hear and determine the same.

In view of this holding no necessity appears to discuss the lack of a showing of a change of domicile.

The cause is remanded to the district court for further proceedings in accordance with the views herein expressed. Each party to bear their own costs on this appeal.

MR. JUSTICES CASTLES, JOHN C. HARRISON, HASWELL, and BONNER, concur.