RUTH (WHITE) CARROLL, PLAINTIFF AND RESPONDENT, *v.*
JOHN R. WHITE, DEFENDANT AND APPELLANT.

No. 11425.
Submitted June 6, 1968. Decided July 12, 1968.
443 P.2d 13.

Franklin Arness, Libby, for appellant.

Wade Farlin, Kalispell, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion
of the Court.

The plaintiff-respondent mother brought this action to recover custody of two minor children from the defendant-appellant father. Following certain procedural steps the trial court found for the mother and ordered the children returned to the State of Washington, the mother's residence. This appeal resulted from the trial court's judgment.

The two minor children, sons aged 15 and 13, had been awarded to their mother by a divorce decree obtained in superior court of Stevens County, Washington, in 1960. The appellant was granted visitation rights although the decree specified that the children were not to be taken outside the jurisdiction of the Washington court without the court's permission. Both parties to this action have remarried and the appellant left the State of Washington and became a resident of Lincoln County, Montana.

Early in the year 1967, the respondent wrote to appellant to tell him that the boys would like to spend a month or six weeks with him in Montana, and this was agreeable to her; appellant went to Washington on May 27th and returned with the boys. No court order was obtained in Washington to remove the boys as it was agreeable to both parties that the boys spend some time in Montana.

The respondent testified that at the time appellant and the boys left for Montana the appellant agreed to return the boys to their Washington home within a month to five weeks, but stated that she would have to come for them if it was inconvenient for him to make the return trip.

At the end of the time agreed upon the boys were not returned to Washington resulting in several phone calls and one letter concerning whether the boys could stay with the appellant for the school year 1967-68. The appellant testified the respondent gave the boys permission via the letter to remain in Montana for the school year and also told him that it was all right during a telephone conversation. The respondent testified that had the appellant allowed her to see and talk

with the boys and to have known they were all right she might have allowed them to remain for the school year, but the appellant refused to let her see the boys until she signed an agreement. When this demand was made, well after the four to six week period that appellant was entitled to have the boys, either by decree or agreement, the respondent began this action to have the boys returned to her.

In reponse to the respondent's complaint appellant answered and counterclaimed with allegations that the respondent had transferred the care, custody and control of the two minor children to him; that she had consented to their remaining with him for the school year 1967-68.

Throughout the hearing the trial court attempted to limit the hearing to the very narrow issue of whether or not respondent consented, at either the time of the taking of the children or at any subsequent time, to appellant keeping the children either indefinitely or through the school year.

The court found for the respondent mother and the appellant raises the following issues on appeal:

1. It was error not to admit testimony relating to the welfare of the children and the fitness of the parties as parents.

2. It was error to enter a judgment based upon a Washington decree without formal proof of such decree having been offered.

3. It was error to find that the Washington decree was entitled to full faith and credit.

The sole issue before the trial court and now this Court is whether or not the decree of the Washington court should be recognized.

First, we note that we find no merit in appellant's complaint that the Washington decree was not presented at the time of trial. A copy was attached to the complaint which was served on the appellant, exemplified copies of the decree and modification were given the court at the initial hearing and the record is full of testimony referring to the decree with

no objections on the part of the appellant. It was the court, not the appellant, who noted that the decree had been inadvertently not admitted into evidence and properly made it a part of the record.

■ Appellant bases his entire appeal on this Court's opinions in State ex rel. Lessley v. District Court, 132 Mont. 357, 318 P.2d 571; and Application of Enke, 129 Mont. 353, 287 P.2d 19. We find that the Enke case is controlling but neither Enke or the Lessley case support the appellant's position for here the court found, and properly so, the so-called agreement between the appellant and respondent did not exist.

In Enke the children were removed from California to Montana by agreement at the time of the original decree and this was made part of the decree. They lived in Montana for many years as opposed to the six weeks in the instant case. In the Lessley case the mother in direct written communications to the father had given up custody in Utah and had requested that the father take the children to Montana to live with him, but the parties had not attempted to secure modification of the Utah decree. This is not the fact situation here.

Here, we have minors who are residents of the State of Washington subject to a custodial order of the courts of that state who are temporarily residing in Montana and the trial court recognized that the Washington decree controlled their custody. Article IV, section 1 of the Constitution of the United States provides: "Full faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings, of every other State."

This Court in a case similar in facts to the case at bar, said: "The mother, who was awarded the custody of the children, had the right to fix their residence. * * * And the mother's residence determines that of the children. * * Certainly they were residents of the State of Oregon when the Oregon court awarded the custody to their mother. * * **The Oregon court had jurisdiction to decree the custody of the children in the

divorce action. That decree is entitled to full faith and credit here. * * * Any question of the fitness of the mother to have the care and custody of the children and her claimed abandonment of them should have been brought to the attention of the Oregon court before the award of custody was made." Butts v. Collins, 129 Mont. 440, 289 P.2d 949.

So it is here. If there is any question of respondent's fitness, that is for the court in Washington to decide for there the jurisdiction lies.

We have carefully examined the other alleged errors and find them without merit.

The decision of the trial court awarding the children to the respondent is affirmed. The trial court is directed to issue an order returning the performance bond and releasing respondent from that obligation.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and CASTLES, concur.