No. 13315

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

STATE OF MONTANA, ex rel. KAROLA MUIRHEAD,

Relator,

-vs-

THE DISTRICT COURT OF THE FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF LEWIS AND CLARK, AND THE
HON. PETER G. MELOY, JUDGE PRESIDING,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

W. William Leaphart argued, Helena, Montana

For Respondents:

Smith, Smith and Sewell, Helena, Montana
Robert J. Sewell argued, Helena, Montana

---

Submitted: April 8, 1976

Decided: MAY 6 1976

Filed: MAY 1976

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Relator petitioned this Court for a writ of prohibition or other appropriate writ, to recover the custody of three minor children. Adversary hearing to determine the issue of jurisdiction was set by the Court to be heard April 8, 1976. Briefs were filed, the matter heard, and taken under advisement by the Court.

An action in the district court was brought by Robert Muirhead to modify a decree of divorce between Karola Virginia Muirhead and Robert Jack Muirhead, granted by the Superior Court of the state of Washington, Kitsap County, November 3, 1972. Karola was granted custody of the three minor children of the parties and Robert was ordered to pay $300 per month for the support of the children. Robert was given reasonable rights of visitation at proper times and places. Robert left the state of Washington, and established a home in Helena, Montana.

Robert, while visiting the minor children on or about August 28, 1975, at Karola's home in Bremerton, Washington, alleged he observed (1) the physical and emotional situation in which the minor children were located had seriously deteriorated, (2) the only clean clothes they had were those they were wearing at the time, (3) that the children were physically unclean, (4) the household environment was filthy, (5) that Karola had given birth to another child out of wedlock and the nine year old Nicki Lori, was in charge of all the children while Karola worked as a cocktail waitress from 5:00 p.m. to 2:00 a.m., (6) none of the children were properly fed, and (7) the family was apparently in desperate fiscal need, indicating a failure on the part of Karola to properly utilize the support money furnished by him. Robert alleged that after seeing this situation, he took the children and brought them to Helena, Montana, to his new home.

On October 2, 1975, Robert petitioned the district court of Lewis and Clark County that he be granted the care, custody and control of the minor children. A copy of that petition was sent to Karola by registered mail and she appeared specially, challenging the jurisdiction of the subject matter of the petition. Temporary custody was granted by the Montana court to Robert on October 2, 1975; on January 12, 1976, Judge Robert W. Winsor of the Superior Court of the State of Washington, King County, held a hearing and issued an order to show cause, found Robert in contempt of court for failure to comply with the custody provisions of the decree of divorce and ordered Robert to take immediate steps to return the children to Karola.

Thereafter, on March 3, 1976, Judge Meloy of the district court, Lewis and Clark County, state of Montana, denied Karola's motion to dismiss for lack of jurisdiction and held that his court had "jurisdiction over both the person of the defendant and of the subject matter."

Two issues are raised by the petition:

1. Whether or not the Montana district court must have in personam jurisdiction over the mother and the legal custodian of the minor children before that court can order the mother's right to custody terminated and transferred to the father?

2. Whether or not relator has sufficient "minimum contacts" with the state of Montana to come within the provisions of Montana's long arm statute, Rule 4, M.R.Civ.P.?

Where, as here, the claim is that jurisdiction is conferred by physical presence of the child, we must avoid accepting those cases where custody was obtained by "seize and run".

This Court in Carroll v. White, 151 Mont. 332, 335, 443 P.2d 13, similar to the instant case, after first discussing several earlier custody cases, held:

"'The mother, who was awarded the custody of the children, had the right to fix their residence. * * * And the mother's residence determines that of the children. * * * Certainly they were residents of the State of Oregon, when the Oregon court awarded the custody to their mother. * * * The Oregon court had jurisdiction to decree the custody of the children in the divorce action. That decree is entitled to full faith and credit here. * * * Any question of the fitness of the mother to have the care and custody of the children and her claimed abandonment of them should have been brought to the attention of the Oregon court before the award of custody was made.'"

Montana's long-arm statute, Rule 4, M.R.Civ.P., sets forth those persons and corporations who are "subject" to the jurisdiction of Montana courts. The rule reads:

"(B) JURISDICTION OF PERSONS.

(1) Subject to Jurisdiction. All persons within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:

(a)  the transaction of any business within this state;

(b)  the commission of any act which results in accrual within the state of a tort action;

(c)  the ownership, use or possession of any property, or of any interest therein, situated within this state;

(d)  contracting to insure any person, property or risk located within this state at the time of contracting;

(e)  entering into a contract for services to be rendered or for materials to be furnished in this state by such person; or

(f)  acting as director, manager, trustee, or other officer of any corporation organized under the laws of, or having its principal place of business within this state, or as executor or administrator of any estate within this state."

Relator does not fit within any of the enumerated criteria. She has no "contacts" with the state of Montana which would warrant subjecting her to the jurisdiction of the Montana state courts. Any attempt by Montana to exercise jurisdiction over Karola Muirhead would be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

- 4 -

Relator is not subject to the long-arm statute of the state of Montana and thus the Montana court cannot obtain in personam jurisdiction over her. Any custody decree rendered by the Montana court would not be entitled to full faith and credit and thus the interstate custody battle would continue and whatever chance the children have for stability and happiness would be lost amidst the din of warring parents.

It is the state of Washington which has the contacts with the parties justifying an exercise of jurisdiction. Washington is the situs of the marriage as well as the divorce and is the legal domicile of relator and thus the children of which she has legal custody.

There is presently a contempt proceeding in progress in the state of Washington concerning the custody of the Muirhead children. A show cause hearing was held in Seattle on January 12, 1976 at which Robert Muirhead was held in contempt of court for refusal to return custody of the children to relator and he was further ordered to take immediate steps to so return custody of the children. The matter of appropriate sanctions for Robert Muirhead's contempt was continued until such time as Robert Muirhead is brought before the Washington Court. It was further ordered that a copy of the Washington order be sent to the Hon. Judge Meloy of the Montana district court. Equity demands the Montana district court defer to the Washington court for the reason that Robert Muirhead does not have "clean hands", i.e., he has petitioned in Montana for a modification of a Washington decree, which decree he is presently violating. Brown v. Brown, 105 Ariz. 273, 463 P.2d 71.; State ex rel. Glasier v. Glasier, 272 Minn. 62, 137 N.W.2d 549.

In his chapter on Marriage, Divorce, and Custody, p. 198, in his "Commentary on the Conflict of Laws." (1971), Professor Russell J. Weintraub of the University of Texas, poses this question and answer:

"How can we end the disgraceful interstate custody battles that rage about us with children as the weapons? * * * What is needed is that courts voluntarily desist from entertaining a petition to modify a sister-state custody decree when that decree was rendered by a court that had sufficient contacts with the parties to reach an intelligent decision, when that other court still has these contacts so that it could make an informed determination of the request for modification, and when there is no compelling reason, such as imminent threat of irreparable harm to the child, why the parties should not be remitted to that other state for decision on the petition to amend the outstanding decree."

Relator submits that the district court dismiss Robert's petition for lack of in personam jurisdiction over relator and/or defer to the jurisdiction of the Washington court, because:

1.    Montana's long-arm statute does not encompass a person in relator's situation;

2.    The state of Washington is the situs of the marriage and the divorce between the parties and is the domicile of relator as well as the children;

3.    Robert is before the Montana court with "unclean hands", i.e., he is petitioning to modify a decree which he in turn is violating; and

4.    Robert Muirhead has sufficient "contacts" with the state of Washington to be subject to that state's jurisdiction. Further there is presently pending in the state of Washington a contempt proceeding in which he has been personally served and ordered to return custody of the children to relator.

In view of the fact the children here involved are now in school and have but a month to go to complete the full year, this Court directs the father Robert Muirhead, to return the children to their mother in Washington immediately after the school year ends.

If there be any question of petitioner Karola's fitness, that is for the court in the state of Washington to decide, for there is where jurisdiction lies.

The district court is reversed.

Justice.

- 6 -

We Concur:

_James T. Harrison_
Chief Justice

_Wesley Castles_

_Jun B. Daly_

Justices.

Mr. Justice Frank I. Haswell specially concurring:

I concur in the result based on lack of subject matter jurisdiction.

In my view, the Washington custody award was controlling until modified or superseded by the Washington court. Carroll v. White, 151 Mont. 332, 443 P.2d 13. In Carroll, as here, the Washington court made a valid custody award involving children and parents who were Washington domiciliaries. The custody award in both cases was entitled to full faith and credit in Montana. United States Constitution, Art. IV, Sec. 1; Act of June 25, 1948, 62 Stat. 947.

In this case the Washington custody award was violated by the father, then a Montana domiciliary, when he removed the children from their mother's custody in Washington and brought them to Montana. Such unauthorized removal in violation of an existing valid custody award did not vest jurisdiction in the Montana courts to readjudicate custody based on changed circumstances. State ex rel. Nipp v. District Court, 46 Mont. 425, 128 P. 590.

As I see it, neither Montana's "long arm statute" (Rule 4(B)(1), M.R.Civ.P.) nor the "minimum contacts" test is germane to determining the jurisdiction of Montana courts in interstate custody cases involving "seize & run" violations of valid custody orders of sister states.

_____
Justice.

IN THE SUPREME COURT OF THE STATE OF MONTANA

---

No. 13315

---

STATE OF MONTANA ex rel. KAROLA
MUIRHEAD,

Relator,

vs.

THE DISTRICT COURT OF THE FIRST
JUDICIAL DISTRICT OF THE STATE
OF MONTANA, IN AND FOR THE
COUNTY OF LEWIS AND CLARK, AND
THE HONORABLE PETER G. MELOY, JUDGE
PRESIDING,

Respondents.



FILED

JUN 22 1976

Thomas J. Kearney
CLERK OF SUPREME COURT
STATE OF MONTANA

---

ORDER ON PETITION FOR REHEARING

---

On petition for rehearing appellant argues that the opinion failed to consider the Uniform Marriage and Divorce Act, sections 48-301 through 48-341, R.C.M. 1947, which became effective January 1, 1976, and that said Act applied to all proceedings pending on that date. Appellant further argues that section 48-331, R.C.M. 1947, relating to jurisdiction was not applied or distinguished by the Court in its decision and that the failure to do so could cause considerable confusion in the law.

Section 48-331, R.C.M. 1947 provides:

"48-331. Jurisdiction--commencement of proceedings. (1) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) this state

"(i) is the home state of the child at the time of commencement of the proceedings, or

"(ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason, and a parent or

- 1 -

person acting as parent continues to live in this state; or

"(b) it is in the best interest of the child that a court of this state assume jurisdiction because

"(i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and

"(ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

"(c) the child is physically present in this state and

"(i) has been abandoned or

"(ii) it is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

"(d)(i) no other state has jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b), or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody of the child, and

"(ii) it is in his best interest that the court assume jurisdiction.

"(2) Except under paragraphs (c) and (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(3) Physical presence of the child, while desirable, is not prerequisite for jurisdiction to determine his custody.

"(4) A child custody proceeding is commenced in the district court:

"(a) by a parent, by filing a petition

"(i) for dissolution or legal separation; or permanently resident or found; or

"(b) by a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, but only if he is not in the physical custody of one of his parents.

"(5) Notice of a child custody proceeding shall

- 2 -

> be given to the child's parent, guardian, and custodian, who may appear, be heard, and file a responsive pleading. The court, upon a showing of good cause, may permit intervention of other interested parties."

We find no conflict in our opinion with the above set forth law. Our opinion requires the service of process as provided for by Rule 41, M.R.Civ.P. of the notice provided for in subsection (5). This requirement of "notice" under section 48-331, R.C.M. 1947, is consistent with the requirement of service of process under Rule 4(b) since the purpose of serving a summons is to give notice.

The purpose of serving a summons is to give notice to the defendant and thereby afford him an opportunity to defend himself or his property--an essential of due process.

This section has been interpreted by this Court consistently with Rule 4(b) just as any other statute which requires due process of law, i.e., notice and a hearing. To argue as appellant does here that such service of process is only within the State of Montana, is error. Rule 4 is a "long-arm statute" authorizing service on all persons subject to jurisdiction regardless of whether or not those persons are within the State of Montana. Such a holding is consistent with the United States Supreme Court holding in May v. Anderson, 345 U.S. 528, 97 L.ed 1221, 73 S.Ct. 840, and Williams v. Williams, 44 Ohio St.2d 28, 336 N.E.2d 426, that a court may not terminate a parent's custody without having in personum jurisdiction over the parent.

DATED this 22ⁿᵈ day of June, 1976.

_____
Justice

- 3 -

_____
Chief Justice

_____
_____
Justices

Mr. Justice Frank I. Haswell:

     In view of the foregoing I hereby withdraw the final paragraph of my special concurring opinion.

_____
Justice

- 4 -