## LEWIS UMLAUF

### V.

## VICTORIA UMLAUF.

*Divorce—Custody and Support of Children—Arrears.*

1. This court declines to interfere with a decree holding that so long as the custody of the child in question continued with the mother under the original decree awarding the same, her right to the amount awarded by that decree for his support likewise continued.

2. A decree in such case, that children shall not be removed out of the county in which they reside, is in accord with the directions of the Supreme Court, that both parents " shall have the privilege of visiting and freely communicating " with the same.

[Opinion filed May 28, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. LEWIS UMLAUF, *pro se.*

Messrs. BLANKE & CHYTRAUS, for appellee.

GARY, P. J.   The facts relating to the controversy between these parties sufficiently appear in 27 Ill. App. 375, and 128 Ill. 378, under title as above.   When the case returned to the Superior Court, under directions, as shown in the latter report, " to so modify its decree as to give the custody of the oldest child to the appellant, and to so reduce the amount to be paid monthly by the appellant as to require him to pay appellee $20 per month, instead of $40 per month, for the support of the youngest child, and to provide that both appellant and appellee shall have the privilege of visiting and freely communicating with both of said children," the Superior Court entered a decree in substance, as follows:

"This case, having been reinstated in pursuance of the mandate of the Supreme Court of the State of Illinois, and coming to be heard upon the order of said Supreme Court on

May 16, 1889, directing a modification of the decree heretofore entered in this cause, fixing the custody of the children of said parties, and the amount to be paid monthly by the said Lewis Umlauf for the support of the said children, and it appearing that said Lewis Umlauf is in default in his payments, under the decree in said cause of April 22, 1887, to the amount of three hundred and sixty dollars ($360), being the sum in arrear on the allowance for the support of Arthur Umlauf, from the first Monday in November, A. D. 1887, up to the time of filing the opinion of the Supreme Court in this case, it is ordered that said Lewis Umlauf pay to said Victoria Umlauf the said sum of three hundred and sixty dollars ($360), the amount in arrear under the decree of April 22, 1877.

And the said Lewis Umlauf, having moved the court for an order committing to him the custody of the said Arthur Umlauf, it is ordered that the said Victoria Umlauf shall produce in court the said Arthur Umlauf forthwith; and that the said Lewis Umlauf, upon the production of the said Arthur, have the custody of the said Arthur; and that hereafter, and from and after the date of the filing of said opinion of the Supreme Court, to wit, May 16, 1889, the said Lewis Umlauf be relieved from paying into court, monthly, the $20 required by said decree of April 22, 1887, for the support of said Arthur; but that the said Lewis Umlauf continue the payment of said $20 for the support of said Oscar, at the office of the clerk of the court, and to the said clerk, and to be paid over by the said clerk to the said Victoria; and it is further ordered that the said Lewis Umlauf pay the costs of this proceeding, to be taxed; and that the said Victoria shall have the privilege of visiting and freely communicating with the said Arthur, and the said Lewis Umlauf shall have a like privilege of visiting and freely communicating with the said Oscar; and neither of said children be removed from said Cook county."    From this decree he again appeals, and insists that the directions of the Supreme Court required such a modification of the decree of the Superior Court, then under review, that the reduction of the amount to be paid from $40

to $20, should go into effect from the time when he filed his petition, October 13, 1887, or at least from the time of the denial of it by the Superior Court, December 21, 1887. He also insists that the finding of the amount in arrear, and directing the payment thereof, and the restraint upon him as to removing the oldest child from Cook county, are errors.

As to the finding of the amount in arrear and directing payment thereof, the worst that can be said of it, if the modification of the decree dismissing the petition was properly made to take effect only from the time that the opinion of the Supreme Court was filed, is, that it was unnecessary and superfluous.

If the original decree of April 22, 1887, continued in full force until May 16, 1889, the computation of the sum in arrear was merely arithmetical, and the directions to pay were already in the original decree. It was, however, fit and proper that the whole obligations of the parties should be found, fixed and settled by the decree, which put them on a new basis.

Now, as to the date when the modification should go into effect, the Supreme Court gave no explicit direction. The Superior Court was bound to follow the intention of the Supreme Court, if that could be ascertained. The $20, from the payment of which the appellant was to be relieved, was for the support of the child Arthur. He had continued in the custody of, and been supported by the appellee. That burden which she had carried the Supreme Court could not remove. Did that court intend to deprive her of the means enabling her to bear it? That is not probable, and they have said nothing indicating such intention. The Superior Court was therefore right in holding that so long as her custody and support of the child continued under the original decree unreversed, her right to the amount awarded by that decree for his support continued also.

The restraint upon removing the child was in obedience to the direction of the Supreme Court to so provide that the appellee should have the privilege of visiting him. If he

might be removed from the county, where both parties have their home, the exercise of the privilege would be more inconvenient and difficult, if not impossible.

There is no error and the decree appealed from is affirmed.

*Decree affirmed.*