(87 South. 792)

Ex parte VAUGHN. (6 Div. 257.)

(Supreme Court of Alabama. Feb. 3, 1921.)

1. Contempt ⬅➡81—Party in contempt not entitled to be heard until purging himself.

A party in contempt who has violated a decree of the court is not entitled to be heard in opposition to a petition for modification until purging himself.

2. Contempt ⬅➡20 — Failure to comply with uncertain orders or judgments not "contempt."

The failure to comply with uncertain orders or judgment is not a "contempt."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contempt.]

3. Divorce ⬅➡300, 303(3)—Removal of minor child from jurisdiction on remarriage held not contempt.

Where a decree of divorce awarded custody of a minor child of the marriage to the mother, allowing the father the right of visitation and permitted her to remarry, the fact that the mother remarried and on second marriage left

---

the jurisdiction, removing the child to her domicile in another state, does not amount to contempt which would prevent the mother from being heard on the father's petition for modification of the original decree.

Petition by Leila S. Vaughn (now Torgerson) for mandamus to be directed to Hon. Hugh A. Locke, one of the Judges in Equity of the Tenth Judicial Circuit, requiring him to restore petitioner's demurrer and answer to a petition filed in said court against her. Writ awarded.

Murphy, Murray & Hanna and Jerome Edmundson, all of Birmingham, for appellant.

Petitioner was not in contempt. 162 Ala. 272, 50 South. 218; 151 Ill. App. 190; (C. C.) 181 Fed. 217; 9 Cyc. 11; 72 Fed. 14, 18 C. C. A. 410; 161 App. Div. 215, 146 N. Y. Supp. 565; 70 Vt. 430, 41 Atl. 435. A party cannot be adjudged guilty of constructive contempt, and punished, without notice and an opportunity to be heard. 200 Ala. 102, 75 South. 478; 48 W. Va. 279, 37 S. E. 676. A defendant in contempt may still be heard to direct the court's attention to any error or insufficiency in plaintiff's case. 8 Port. 283; 85 Wash. 607, 148 Pac. 882, L. R. A. 1915E, 567.

Ellis & Matthews, of Birmingham, for appellee.

The child was the ward of the court, and its removal constitutes a contempt. 16 Ala. App. 297, 77 South. 447; 99 Ind. 328; 11 Ill. 43; 46 Mont. 425, 128 Pac. 591, Ann. Cas. 1916B, 256; 255 Ill. 442, 99 N. E. 609; 60 Okl. 244, 159 Pac. 1112; 168 Mo. App. 377, 151 S. W. 786; 71 Tex. 285, 8 S. W. 90; 10 Ves. Jr. 65; 5 D. & L. 233. The petitioner here, then, could not then be heard on anything pertaining to the merits of the case. 8 port. 277; 74 Ala. 427; 75 Ala. 91; 73 Ala. 486; 16 Ala. App. 297, 77 South. 447; 25 N. J. Law, 209; 26 N. J. Eq. 437; 69 Iowa, 77, 28 N. W. 443; 10 Hump. (Tenn.) 464, 53 Am. Dec. 736; 187 Mass. 509, 73 N. E. 659, 69 L. R. A. 311, 2 Ann. Cas. 462; 36 Colo. 298, 85 Pac. 325.

PER CURIAM. In April, 1919, Leila S. Vaughn obtained a decree of divorce from her husband, William Vaughn, Jr., in the Jefferson county circuit court in equity, and was therein awarded the custody of their infant child, William Dudley Vaughn, in the following language:

"It is further ordered, adjudged, and decreed by the court that the care, custody, and control of William Dudley Vaughn, the minor child of complainant and respondent, be and hereby is given to complainant, with the right of the respondent to see and visit said child at such reasonable times and places as will not interfere with the proper control of said child by complainant, as alleged in said bill of complaint."

Each of the parties to the decree was permitted to again contract marriage, and subsequently the said Leila S. Vaughn married one Torgerson, and in June, 1920, removed to the city of New York, retaining the custody of the child. Thereafter William Vaughn, Jr., filed his petition in the Jefferson circuit court setting up in substance the foregoing facts, but in addition thereto alleged the present husband of his former wife was addicted to the use of intoxicating liquors, and therefore was an improper influence in the life of the child, and that his former wife, now Leila Torgerson, had disregarded the order of the court in removing the child from without the court's jurisdiction to the city of New York, thereby depriving the petitioner of the right of visitation, and that said act constituted a contempt of court. The petition further avers that the petitioner is a man of good habits, occupying a lucrative position in the business world, and able to support the child, and prays a modification of the former decree to the extent of awarding the petitioner the custody, control, and education of said William Dudley Vaughn. To this petition Leila S. Torgerson interposed demurrers. Petitioner moved the court to strike the demurrers upon the ground that defendant, having removed the child from the state of Alabama to the state of New York without petitioner's consent, was guilty of contempt of court, as the same was in violation of the decree of the court. This motion was sustained, and the demurrer stricken; and petition is here presented for mandamus or other appropriate writ for the review of the ruling of the court thereon.

[1] The trial court evidently acted upon the theory that the petitioner here had violated the court's decree, and was therefore in contempt, and not in a position to be heard until she had purged herself thereof. Crabtree v. Baker, 75 Ala. 91, 51 Am. Rep. 424; Jacoby v. Goetter-Weil & Co., 74 Ala. 427; Warwick v. State, 73 Ala. 486, 49 Am. Rep. 59; Mussina v. Bartlett, 8 Port. 277.

[2, 3] The question of importance therefore is whether or not petitioner was in contempt of court in removing to the city of New York, retaining the custody of the minor child. The extract taken from the decree awarding its custody discloses that the court made no order prohibiting the removal of the child from the jurisdiction of the court, but awarded to the complainant in that cause its custody and control, with the right of respondent to see and visit it at such reasonable times and places as will not interfere with the proper control thereof by complainant.

Counsel for appellee have called our attention to—

tention to several cases, which are cited in support of the theory that a removal of, the child from the jurisdiction of the court, even though not expressly prohibited, would constitute contempt. State ex rel. Nipp v. District Court, 46 Mont. 425, 128 Pac. 590, Ann. Cas. 1916B, 256; Campbell v. Campbell, 37 Wis. 206; Joab v. Sheets, 99 Ind. 328; Umlauf v. Umlauf, 35 Ill. App. 624; Lindsay v. Lindsay, 255 Ill. 442, 99 N. E. 608; Copeland v. Copeland, 58 Okl. 327, 159 Pac. 1122, L. R. A. 1917B, 287; Burns v. Shapley, 16 Ala. App. 297, 77 South. 447.

We have given to each of these cases careful consideration, and to discuss them separately would extend this opinion to undue length. Suffice it to say that each of the above-cited cases had language in the decree and circumstances which clearly differentiates them from the case here under consideration. In Campbell v. Campbell, supra, the court held, notwithstanding the language of the decree, that the mother was not guilty of contempt for removing the child to another state under the circumstances there shown, for the reason there were no prohibitory words in the decree itself. The holding was that such prohibition could only arise by implication, and yet the language of that decree, in our opinion, more clearly indicated a purpose on the part of the court that the child should remain within its jurisdiction than the decree here involved.

Here the petitioner was awarded the custody of her infant child. and given the right to again contract marriage, with nothing in the decree, either directly or indirectly, prohibiting her living in other jurisdictions outside of the state of Alabama, and the right of respondent to visit the child was itself prescribed for such reasonable times and places as would not interfere with the proper control by complainant. It has been held that the charge of contempt cannot be established for failure to comply with uncertain orders or judgments. 9 Cyc. 11. We think it very clear that petitioner here could not be punished for contempt for disobedience of an order of the court, as was alleged in the motion; and the conclusion has been reached that the court fell into error in sustaining the motion to strike the demurrers interposed, which motion was rested solely upon this ground.

Moreover, in cases of. this character it must be recalled that the welfare of the child is of paramount importance, and it may be seriously questioned that a parent when not in willful contempt should be deprived of the right to interpose a defense as to its custody, when brought into court for such purpose by the opposing parent.

Petitioner is therefore entitled to relief, and the writ will be here awarded, but its actual issuance for the present withheld until the learned trial judge is advised of this conclusion.

Writ awarded.

SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.