This is an appeal from a denial of a petition to modify. We affirm.
The parties were divorced by decree rendered March 9, 1979. The wife was awarded custody of the parties' two children, Bryan, age fifteen, and Britton, age thirteen. Bryan is an invalid as a result of a very serious disease and must receive constant care and attention.
The divorce decree in substance ordered the husband to do the following: (1) deed a home to the wife and make all payments thereon; (2) provide a van-type vehicle to the wife; (3) pay $900.00 per month for the support and maintenance of the parties' minor children (a sizeable portion of which is used to pay for the services of an attendant for the invalid son); (4) pay the wife $2,500 as lump-sum alimony and $20.00 per month as periodic alimony; (5) pay all hospital and doctor bills incurred by the parties' minor children; (6) pay the outstanding debts of the parties; and (7) pay an attorney's fee for the wife in the amount of $1,200.00. To assure the payment by appellant of all awards made, a lien was imposed on one hundred forty acres of land owned by appellant.
On March 20, 1979 the wife petitioned the court for a rule nisi, alleging that the husband had failed to comply with the divorce decree. After hearing the wife's petition, the court entered an order finding the husband in contempt for failure to comply with the divorce decree. He was again directed to comply with the divorce decree and the court, to assure compliance, reimposed a lien on his real and personal estate. The husband filed a petition to modify the original decree and the rule nisi. The trial court denied the husband's petition and this appeal followed. *Page 1149 
The husband's sole contention on appeal is that the trial court abused its discretion by refusing to grant his petition to modify.
The well-established rule on appeal is that the trial court's judgment will be presumed correct where it heard the evidence orally, and will not be set aside except for plain and palpable error. Parrish v. Parrish, Ala.Civ.App., 365 So.2d 1237 (1979). The modification of a prior decree for support and alimony, based upon changed circumstances of the parties, is largely a matter within the judicial discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if from a review of the evidence this court finds in the decree such an abuse of discretion as to be plainly and palpably wrong. The burden of proving a material change in circumstances sufficient to warrant a modification of a previous decree relating to child support and periodic alimony is on the petitioner. McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316
(1977).
First, we would note that the husband did not appeal the divorce decree and, second, that at the time the petition to modify was filed, the husband was in contempt of court for failure to comply with the terms of the divorce decree, and he had not sought a review of the contempt decree. A party in contempt who has violated a decree of the court is not entitled to be heard in opposition to a petition for modification until he purges himself. Ex parte Vaughn, 205 Ala. 296, 87 So. 792
(1921); McEntire v. McEntire, 213 Ala. 328, 104 So. 804 (1925).
Notwithstanding the fact that appellant was in contempt of the very decree that he was attempting to persuade the court to modify, the trial court nevertheless heard the modification request and then denied it.
The principal evidence offered by appellant at the modification hearing to support his contention that there had been a material change of circumstances since the divorce decree was that his projected farm income would not be $51,000 for 1979 as he had forecast some sixty days before, but would be only about $33,000. Based on this evidence we cannot say that the trial court plainly and palpably abused its discretion in refusing to modify the divorce decree. Consequently we affirm the trial court's decree.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.