BRADLEY, Judge.
Alimony reduced; wife appeals.
The parties to this appeal were divorced in 1976. Under the decree of divorce, the husband was ordered to pay wife $300 per month as alimony.
On August 8, 1983 wife filed a petition for contempt and modification of the divorce decree, seeking to hold her ex-husband in contempt for failing to pay alimony and for an increase in alimony. Husband counterclaimed by requesting that the alimony be reduced or eliminated due to a change in circumstances since the divorce.
After an ore tenus hearing on September 23, 1983, the trial court entered an order finding wife was entitled to an arrearage in alimony of $1,300. The court declined to *651 hold husband in contempt and reduced alimony to $200 a month. Wife appeals.
Wife argues here that the trial court erred in denying her petition to increase alimony and in reducing the alimony payments. She contends there has been a substantial change in circumstances since the divorce that would justify an increase in alimony, i.e. that she is unable to obtain employment and that her living expenses have increased since the divorce. Husband contends there has been a change in circumstances since the divorce that would justify a reduction in alimony, i.e. that he has retired from the military and his income has decreased.
The evidence shows that wife is fifty-three years old and lives in a trailer park in Fort Payne, Alabama. She has a ninth grade education and has not worked in over twenty years. Her last job experience consisted of babysitting and working in a hosiery mill. Wife testified she has tried to find work in a hosiery mill since the divorce but that her skills are outdated and they will not hire her. Husband disputes the fact that wife has sought employment. There was evidence that wife has never applied through an employment office. She attributes her difficulty in finding a job to her physical limitations. Wife testified she has poor vision and cannot read or see up close without her glasses. In addition, wife suffers from “leg and nerve problems,” has had pneumonia several times, and tires easily.
Wife also testified that she was receiving help from her son, but that he is now married and has his own family to support. Wife estimates she would need between $450 to $500 per month alimony in order to meet her living expenses. Wife owns household furniture worth about $500 and an inoperable automobile worth $50.
The record also revealed that husband presently lives in Niceville, Florida and has remarried but is separated. His present wife was contributing substantially to the couple’s living expenses, but has not contributed anything since the separation. Husband says her support was the only way he could pay wife’s alimony.
At the time of divorce from wife, husband was a sergeant in the army and was earning $12,705 a year plus a housing allowance of an unspecified amount. He retired from the army in June 1979 and receives a retirement pension of $1,234 a month. In addition to his retirement income, husband works at a country club in Niceville and makes $4.50 an hour. In 1982 he worked an average of forty hours per week at a rate of $4.00 an hour. He received about $8,300 from this employment in 1982. In 1983 he has averaged working only thirty-five hours a week due to stomach problems. This would average about $8,200 per year. Husband testified that he has had a nerve problem for three or four years. He testified his monthly expenses have increased and are currently about $1,112.
This court has consistently held that an alimony award can be modified only upon a showing of a material change in circumstances, and the modification of such a decree is within the sound discretion of the trial court and will not be reversed except for an abuse of that discretion. Sansom v. Sansom, 409 So.2d 430 (Ala.Civ.App.1981). Also, the party moving to modify the alimony has the burden of proving a material change in circumstances. Taylor v. Taylor, 418 So.2d 148 (Ala.Civ.App.1982).
In a case such as the one at bar, the burden on the movant is to prove a material change in the financial status of the parties. Taylor v. Taylor, supra; O’Dell v. O’Dell, 57 Ala.App. 185, 326 So.2d 747 (Ala.Civ.App.1976). The trial court found that the husband had retired from the military service and his income had been reduced; therefore the husband had proved a change in his financial situation.
While the evidence shows that neither party is in the best physical condition, we are unable to find any evidence in the record showing that husband’s retirement from the army has caused a reduction in his income.
*652 In 1976, the year of the divorce, the husband was receiving between $1,400 and $1,500 a month in compensation from the army. This included quarters and meals allowance as well as salary. At the time of trial in 1983, husband was receiving about $1,865 per month in income. This sum is made up of $1,234 in monthly retirement income and about $630 a month from his job.
Based on this evidence we do not find that the husband has suffered a reduction in income; if anything, his income is more than it was in 1976. Accordingly, we cannot agree with the trial court that there has been such change in husband’s financial circumstances as to authorize a reduction in the wife’s monthly alimony. Consequently, this aspect of the trial court’s judgment is reversed.
On the other hand we are not convinced that the trial court’s conclusion that the wife’s alimony award should not be increased is plainly and palpably wrong.
The husband’s income has not increased that much over the years and his expenses have increased during this time.
We recognize that the wife’s expenses have increased during this time also, but the evidence showed that the wife had not made a diligent effort to obtain work to help pay her expenses.
That aspect of the trial court’s judgment denying wife’s request for an increase in alimony is affirmed; that aspect of its judgment reducing the alimony from $300 a month to $200 a month is reversed and the cause is remanded for entry of judgment restoring wife’s alimony payments to $300 per month.
Wife is awarded $350 as an attorney’s fee on appeal.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.