The former wife appeals from a decree entered on the former husband's petition to modify certain provisions of the parties' divorce decree, and on the former wife's answer and counterpetition for modification and to hold former husband in contempt. (The parties shall hereinafter be referred to as "husband" and "wife.")
The parties were divorced by order of the Circuit Court of Morgan County in September 1982. In October 1984 the husband filed a petition to modify his alimony obligation and other current payments required under the divorce decree. For various reasons, the wife was not served with a copy of the husband's petition until 1989. In April 1989 the wife filed an answer and counterpetition. She asserted the failure of the husband to make reimbursements for medical expenses and to provide a $100,000 life insurance policy as required by the divorce decree, and sought to increase the amount of alimony.
In September 1989 after a hearing the court ordered the husband to make payment to the wife for an arrearage in the payment of medical expenses incurred by the wife but not paid by insurance. The arrearage determined to be due from the husband was, however, only a small fraction of the amount claimed by the wife to be due. The court also ordered the husband to pay the wife, in the future, $200 per month "toward her medical expenses." The court removed the husband's obligation to provide the wife with medical insurance and to pay amounts that are not covered by such insurance. The court reduced the husband's alimony obligation from $750 to $500 per month, effective October 1, 1989; the court also ordered a future decrease in alimony to $400 per month, effective October 1, 1991. The obligation that the husband make the wife the beneficiary of a $100,000 life insurance policy was reduced to $50,000; the husband had never complied with this aspect of the divorce decree and the court held him in contempt for this failing. The court also ordered the husband to execute a deed transferring title to burial lots to the wife; the husband had failed to transfer them as required under the divorce decree and was again adjudged in contempt.
The wife filed a Rule 59, Alabama Rules of Civil Procedure, motion to alter or amend the judgment. After a second hearing the court denied her motion, but entered an order "clarifying" certain findings and orders contained in its September 1989 judgment. In this order of clarification, the court stated that certain of the medical expenses incurred by the wife, which the wife asserted were to be paid by the husband, were not "necessary and prescribed medical expenses." This clarification order did not make any substantive change in the September 1989 judgment.
The wife's first contention on appeal is that the trial court erroneously reduced the husband's alimony obligation.
The obligation to pay periodic alimony may be modified when there has been a *Page 821 
material change in the financial or economic needs of the payee spouse and the ability of the payor spouse to respond to those needs. Boudreaux v. Boudreaux, 550 So.2d 1030 (Ala.Civ.App. 1989). The burden of proving the existence of a material change in circumstances is upon the moving party. Boudreaux. A decision to modify periodic alimony lies within the discretion of the trial court and will not be set aside on appeal unless a palpable abuse of that discretion is shown. Thomas v. Thomas,532 So.2d 1043 (Ala.Civ.App. 1988).
The record shows that the wife was forty-eight years old at the time of the hearing and suffers from arthritis, hypoglycemia, and certain unspecified emotional problems. Because of the health problems she takes medication which makes her drowsy. She testified that the combination of health problems and medication renders her unable to perform full-time work. She has not remarried.
The husband was fifty years old at the time of the hearing and states that he suffers from diabetes, ulcers, asthma, and chronic allergies, which necessitated his retirement from the federal civil service.
He owns a fifty percent interest in a certified public accounting firm; his primary activity at this time is fulfilling the requirements of a consulting contract with the Alabama Department of Mental Health. He also serves as a special assistant to the Governor of the state of Alabama. The record shows that the husband's income in 1988, as evidenced by his tax forms, was over $100,000.
The husband has remarried and his present wife operates a dress shop in Montgomery. He testified that the dress shop lost approximately $48,000 in 1988.
Since the parties' divorce decree the husband has paid the wife $750 per month in alimony and has paid the monthly mortgage indebtedness on the home awarded to the wife under the divorce. He has provided her with health and hospital insurance and has paid some medical bills not covered by the insurance.
The wife has sold some stock and secured a second mortgage on her home in order to meet her obligations. She testified that she needs all of the money she receives from the husband to pay for necessities. Her monthly expenditures are: $300 for food; $178 to service the second mortgage; $150 for utilities; $50 for telephone; $100 for credit card bills. The total monthly expenditures amount to $778.
We recognize that the trial court by its decree changing the previous award of alimony was seeking to provide an incentive for the wife to secure employment. We do not consider the former award to be so generous as to oversupply the present needs of the wife. The needs of the wife set the standard for awarding alimony.
The income of the husband has substantially increased since the parties' divorce. The wife's needs appear to have remained constant or to have increased, but they clearly have not decreased, From the record we find that the ability of the husband to contribute to the support of the wife has substantially increased rather than decreased. Thus, we find that the circumstances of the husband affecting his ability to pay the previously ordered amount of alimony have changed to his benefit rather than to his detriment. We therefore find the order reducing the award of alimony to be clearly unsupported by the evidence, thus amounting to an abuse of judicial discretion. Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App. 1985).
The wife next asserts that the court erroneously relieved the husband from paying certain medical expenses not covered by health insurance.
The parties' divorce decree, in part, states: "[T]he [husband] shall maintain health insurance upon the [wife] and shall be responsible for any medical expenses which may be necessary and prescribed over and above the medical insurance coverage."
After the ore tenus modification proceedings below, the court made the following determination and judgment pertaining to those matters:
 "The [husband] has paid the required premiums to maintain the health insurance. *Page 822 
For a period of time after [their] divorce the [husband] also made certain payments for medical expenses the [wife] incurred which exceeded the insurance coverage. However, from about 1983 until 1988, the [husband] did not make payments for the [wife's] medical expenses which exceeded the insurance coverage. Bills for such expenses were not submitted by the [wife to the husband] for several years. The bills the [wife] now submits, which she contends the [husband] should pay, amount to $7,118.29. . . . The Court has examined all this evidence including the nature of the 'medical services' provided and billed to the [wife], and [the court] is of the opinion the [husband] should not now be required to reimburse the [wife] for these payments. . . . The [wife] has submitted evidence for medical expenses she incurred in 1988 and in 1989 (to the date of trial). The Court has examined each bill submitted and it is ORDERED that . . . the [husband] is to pay . . . ($103.70) . . . as reimbursement to the [wife] for medical expenses she incurred during 1988. Further, the [husband] is to pay . . . ($289.00) . . . as reimbursement to the [wife] for medical expenses she incurred in 1989, and prior to trial of this case.
 "The order requiring the [husband to] 'maintain health insurance . . .' is proving not to be workable. The [wife] has not timely advised the [husband] of medical expenses which exceed the insurance coverage and there is evidence that much of the [wife's] medical expense may well not be 'necessary.' "
Whether the medical expenses were "necessary and prescribed" was a question of fact, and the trial court's finding of fact is presumed correct and will not be disturbed unless plainly erroneous or manifestly unjust. Noland Co. v. SouthernDevelopment Co., 445 So.2d 266 (Ala. 1984). We have carefully reviewed the record and we are unable to say that the determination by the court, that some of the noninsured medical expenses incurred by the wife were "not necessary," was a palpable abuse of discretion. See Simmons v. Simmons,516 So.2d 1389 (Ala.Civ.App. 1987).
The wife next asserts that the court erred by granting the husband's petition to modify while finding the husband in contempt for failure to comply with certain provisions of the divorce decree, citing Childress v. Childress, 378 So.2d 1147
(Ala.Civ.App. 1979).
In Childress the former wife petitioned for a rule nisi and the former husband was adjudged in contempt for failing to comply with the parties' divorce decree. The former husband then filed a petition to modify the divorce decree and the rule nisi. The former husband had been adjudged in contempt at the time he filed his petition to modify.
In the case before us, the husband was not adjudged in contempt prior to filing his petition for modification. Thus, we distinguish this case from Childress and find no error.
In summary, we reverse and set aside that part of the decree which reduces the former award of monthly alimony to be paid by the husband. The decree is otherwise affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
All the Judges concur. *Page 823