The parties were divorced in 1989. The husband was ordered to pay $300 per month in alimony.
In September 1991, the wife filed a motion for contempt and a motion to modify alimony. In January 1992, prior to the hearing on the motions, the parties entered into an agreement wherein the husband agreed to pay the arrearage in installments and agreed to increase his alimony payments to $400 per month beginning in June 1992.
In March 1992, the husband filed a motion for relief from judgment, alleging that a substantial and material change in circumstances had occurred. Following oral proceedings the trial court denied the motion. The husband appeals.
The husband argues that the trial court erred in refusing to modify his alimony payments. He insists that his March 1992 retirement created a change in circumstances warranting a decrease in alimony payments.
The obligation to pay periodic alimony may be modified when there has been a material change in the financial or economic needs of the payee spouse and the ability of the payor spouse to respond to those needs. McKenzie v. McKenzie,568 So.2d 819 (Ala.Civ.App. 1990). The burden of proving the existence of a material change in circumstances is upon the moving party. McKenzie. A decision to modify periodic alimony lies within the discretion of the trial court and will not be set aside on appeal unless a palpable abuse of that discretion is shown. McKenzie.
The record reflects that the husband became 62 years of age on March 19, 1992, and voluntarily retired on March 20, 1992. Before his retirement he was earning approximately $1,200 every two weeks. Upon his retirement he received an initial lump sum payment of $3,100. He receives $685 per month in retirement benefits. On January 28, 1992, the husband withdrew $21,274 from his credit union. On March 14, 1992, he sold timber off of his property for $82,576. On March 21, 1992, he sold his property to his children for $19,350. The husband has not filed for his social security benefits, which would be approximately $900 per month. The husband is in good health.
The wife testified that her health was deteriorating and that she could no longer work full time. She is not eligible for social security disability benefits for at least one more year.
Following the husband's testimony, the trial court stated in open court, "In my opinion, in all honesty, you just don't want to pay it and are trying to get around it. . . . I think you have the ability to pay it, and this court's judgment is going to be you have to pay it." Our review of the record supports the trial court's assessment of the husband's testimony.
The husband's income has been voluntarily reduced, but his ability to earn has not decreased. The wife is in poor health and is in need of the alimony. The husband agreed in January to an increase in alimony to $400 per month. He retired by desire in March and immediately sought to *Page 1224 
be excused from his agreement of January. It is reasonable to assume that he intended to retire before the increase in alimony became effective in June. The record indicates that the husband has income and other assets from which to pay the alimony which he agreed to pay. We hold that the court correctly held the husband bound by his agreement. Any change of circumstances was initially promoted by him.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.