THOMAS, Judge.
Nancy W. Blount (“the former wife”) and William B. Blount (“the former husband”) were divorced by the Montgomery Circuit Court in 1998. Among other *739 things not pertinent to this appeal, the former husband was ordered to pay periodic alimony in the monthly amount of $4,000. The divorce judgment was modified several times; however, the former husband at all times remained obligated to pay alimony in the monthly amount of $4,000. In May 2010, the former husband was incarcerated. It is undisputed that the former husband began paying a partial alimony payment of $2,000 per month in June 2010. On January 26, 2011, the former wife filed a petition in the circuit court seeking an order of contempt because the former husband had “failed or refused” to pay alimony. At that time the former husband was in arrears in the amount of $16,000 ($2,000 per month for 8 months). On June 27, 2011, the former husband filed an answer to the former wife’s petition and a counterpetition for a modification, seeking the termination of his alimony obligation because, he alleged, he was unable to pay alimony in any amount. A contempt hearing was held on November 28, 2011; the judgment was entered on April 25, 2012.
The circuit court found the former husband in contempt for his failure to pay $4,000 per month in alimony; however, it suspended the former husband’s alimony obligation retroactive to July 2011, which was the month after the former husband filed his counterpetition for a modification of his alimony obligation.[1] However, according to the judgment, the amount of $4,000 per month in alimony would continue to accrue and the full amount would become due when the former husband was released from prison and employed. The circuit court found that the former husband had paid the former wife $10,000 from July 2011 to November 2011 ($2,000 per month for 5 months) and that the parties had stipulated that the former husband was obligated to pay an arrearage of $36,000, which was “$2,000 per month for each month from June 2010 through November 2011” ($2,000 per month for 18 months). The circuit court calculated interest in the amount of $2,920.12 for a total award of $38,920.12.[2]
On May 3, 2012, the former husband filed a motion to alter, amend, or vacate the circuit court’s judgment. Among other things not pertinent to this appeal, the former husband alleged that he had continued to pay the former wife $2,000 per month in alimony due to the lapse of time between the contempt hearing and the entry of the judgment that had suspended his alimony obligation. The former husband had made partial alimony payments in the amount of $22,000 from July 2011 through May 2012 ($2,000 per month for 11 months) that, pursuant to the judgment entered in April 2012, were suspended. The former husband sought an amended judgment, requesting that the circuit court subtract $22,000 . from the $38,920.12 award, thus reducing the former wife’s award to $16,920.12 ($38,920.12 - $22,000).
On May 4, 2012, the former wife filed a motion to alter, amend, or vacate the circuit court’s judgment. She requested that the circuit court vacate its order suspending the former husband’s alimony obligation. Furthermore, according to the *740 former wife, if the circuit court vacated its order, then the former husband’s arrear-age-and the interest on that arrearage would increase and the former husband would owe the amount of $52,997.04. After a hearing on the parties’ postjudgment motions, an amended judgment was entered on August 1, 2012. The circuit court, among other things, subtracted $22,000 from its judgment awarding the former wife $38,920.12, thus reducing the former wife’s award to $16,920.12.
The former wife filed a timely notice of appeal seeking this court’s review of two issues: whether, by applying the former husband’s partial payments of $2,000 to the $38,920.12 arrearage rather than the full amount due, the former husband received a “double credit”[3] and whether the circuit court erred by suspending the former husband’s alimony obligation.
The following facts are undisputed. The former husband paid alimony in the amount of $4,000 per month through May 2010, and he paid partial alimony payments in the amount of $2,000 per month from June 2010 through May 2012. However, the circuit court suspended the former husband’s obligation to pay any amount of alimony as of July 2011. Due to the five-month lapse of time between the contempt hearing and the entry of the judgment,' the former husband made $2,000 partial alimony payments from June 2010 through May 2012 in the total amount of $48,000 ($2,000 per month for 24 months).
In its amended judgment, the circuit court began with the parties’ stipulated arrearage figure of $36,000, added the interest due ($36,000 + $2,920.12 = $38,920.12), and subtracted $22,000 — the amount of the partial alimony payments the former husband had made from July 2011 through May 2012 ($2,000 per month for 11 months). It determinéd that the former husband owed the former wife an arrearage of $16,920.12 ($38,920.12 — $22,000). The former wife contends that, by awarding the former husband a $10,000 credit for the partial alimony payments he paid between July 2011 and November 2011 against the $38,920.12 arrearage, the circuit court awarded a “double credit” to the former husband. This is so, she contends, because the circuit court had already credited the former husband for the partial alimony payments he paid between July 2011 and November 2011 in determining the $38,920.12 arrearage. We disagree.
The circuit court’s calculation of the ar-rearage owed to the former wife began with a determination of the total amount due to her from June 2010 though November 2011. That amount was $72,000 ($4,000 per month for 18 months). The former husband had paid $36,000 during those months ($2,000 per month for 18 months). Thus, the amount of unpaid alimony owed by the former husband in November 2011 was $36,000. However, by May 2012, the former husband had paid an additional $22,000 in alimony that he was not required to pay ($2,000 per month for 11 months) because the circuit court’s April 25, 2012, judgment had retroactively suspended the former husband’s alimony obligation as of July 2011. The circuit court properly subtracted $22,000 from the former wife’s $38,920.12 award. Therefore, we conclude that the former husband did not receive a “double credit.”
*741 Next, the former wife argues that the circuit court erred by suspending the former husband’s obligation to pay alimony. The former wife concedes that the circuit court resolved conflicting evidence regarding the former husband’s ability to pay alimony while he is in prison, but she contends that the circuit court’s finding of contempt and its suspension of the former husband’s obligation to pay alimony is “inconsistent.” We do not agree. The circuit court’s judgment reads, in pertinent part:
“This court is faced with a former Husband who is unable to pay his monthly alimony payment due to his being incarcerated and having no income and a former Wife who is working and earning an income, but who is entitled to monthly alimony pursuant to the Final Decree of Divorce entered in this matter.
“The former Husband is a graduate of the University Of Alabama School Of Law and was a licensed attorney in the State of Alabama prior to his incarceration. The former Husband certainly should have been aware of the fact that only a court of competent jurisdiction, such as this one, may modify an award of alimony. The former Husband failed to bring this matter to this Court prior to deciding to pay only one-half (½) of his Court Ordered alimony to the former Wife.... Based upon the above facts the former Wife is also awarded Attorney’s Fees in the amount of Three Thousand Two Hundred Dollars ($3,200.00).
“The former Husband’s monthly alimony payments shall be suspended[;] however, they shall continue to accrue at a rate of $4,000.00 per month and the former Husband shall be responsible for the payment of same in amount to be determined once the former Husband is released from prison and has found full-time employment.”
The circuit court held the former husband in contempt, awarded the former wife attorney fees, and required the former husband to remain obligated for the entire amount of alimony due to the former wife after his release from prison. The former wife argues that the circuit court exceeded its discretion by finding the former husband in contempt for failing to pay all the ordered alimony that was due before July 2011 but by suspending the former husband’s obligation to pay alimony from July 2011 until he is released from prison.
When evidence is presented to a trial court in an ore tenus proceeding, the trial court’s finding regarding contempt is presumed correct. Varner v. Varner; 662 So.2d 273, 277 (Ala.Civ.App.1994) (citing Pierce v. Helka, 634 So.2d 1031 (Ala.Civ.App.1994)). Civil contempt is intended to coerce or compel compliance with orders of the court. Varner, 662 So.2d at 277 (citing State v. Thomas, 550 So.2d 1067 (Ala.1989)). Furthermore,
“ ‘[t]he obligation to pay periodic alimony may be modified when there has been a material change in the financial or economic needs of the payee spouse and the ability of the payor spouse to respond to those needs. McKenzie v. McKenzie, 568 So.2d 819 (Ala.Civ.App.1990). The burden of proving the existence of a material change in circumstances is upon the moving party. McKenzie. A decision to modify periodic alimony lies within the discretion of the trial court and will not be set aside on appeal unless a palpable abuse of that discretion is shown.’
“Maddox v. Maddox, 612 So.2d 1222, 1223 (Ala.Civ.App.1992). See also Taylor v. Taylor, 640 So.2d 971 (Ala.Civ. *742 App.1994), and Oyler v. Oyler, 446 So.2d 650 (Ala.Civ.App.1984).”
Hinds v. Hinds, 887 So.2d 267, 272 (Ala.Civ.App.2003). In this case, the finding of contempt and the suspension of the former husband’s alimony obligation are well within the discretion of the circuit court, and we find no abuse of that discretion. Furthermore the judgment is consistent. The former husband unilaterally reduced his alimony payment well before he sought to have his alimony obligation modified. Thus, the circuit court could have concluded that the former husband’s failure to pay his entire alimony obligation before July 2011 was contemptuous but that his request to modify, terminate, or suspend his alimony obligation was well supported.
In a related argument, the former wife contends that the circuit court improperly restricted her ability to collect the arrearage due by retroactively suspending the former husband’s alimony obligation. The former wife is correct that accrued alimony payments are final judgments and may be collected as any other judgment. See Motley v. Motley, 505 So.2d 1228, 1228-29 (Ala.Civ.App.1986); see also Anderson v. Anderson, 686 So.2d 320, 323 (Ala.Civ.App.1996) (an “[ajlimony arrearage is a final judgment as of the date due and is not subject to modification,” citing Harris v. Harris, 553 So.2d 129, 130 (Ala.Civ.App.1989)). However, this court has held that only those alimony payments that have matured before the filing of a petition to modify are immune from change. Taylor v. Taylor, 640 So.2d 971, 975 (Ala.Civ.App.1994) (explaining that “payments of alimony ... constitute final judgments from the date that they become due, and those payments that mature before the filing of a petition are immune from change”). That is, a trial court has the power to modify, terminate, or suspend an alimony obligation retroactive to the date the modification petition was filed. See Hinds, 887 So.2d at 273 (determining that a trial court, considering a petition to modify or terminate a spouse’s alimony obligation, has “the discretion to modify or to terminate that obligation retroactive to a date not earlier than the date the [spouse] filed his [or her] petition to modify”).
The former wife relies on case-law relating to a trial court’s authority to prevent or restrict enforcement of a judgment for an arrearage when the trial court has ordered an arrearage to be paid in installments. See Motley, supra. Indeed, a trial court may not restrict or impair the right of a spouse to enforce a judgment for past-due alimony. Id. However, the circuit court has not attempted to restrict the former wife from enforcing the $16,920.12 alimony-arrearage judgment it awarded her. Instead, the circuit court used its power to suspend the former husband’s alimony payments retroactive to the date he filed his modification petition. Although the circuit court’s decision to suspend the former husband’s alimony payments during his incarceration impacts the alimony actually due to the former wife, the circuit court’s exercise of its power does not impact the former wife’s right to enforce the alimony-arrearage judgment in her favor. Therefore, we reject the former wife’s argument that the circuit court impermissibly infringed on her right to enforce the alimony-arrearage judgment.[4]
AFFIRMED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. If a trial court modifies or terminates an alimony obligation, it has the discretion to modify or to terminate that obligation retroactive to a date not earlier than the date the party filed a petition to modify. See Hinds v. Hinds, 887 So.2d 267, 273 (Ala.Civ.App.2003).

. The circuit court calculated the interest "at a rate of 12% per annum through August 2011 and at a rate of 7.5% per annum beginning September 1, 2011.”

. The former wife did not raise the "double-credit” argument in her postjudgment motion, nor did she cite relevant authority in her brief on appeal. However, as the former wife claims in her brief, her first issue is "essentially a math problem”; we acknowledge that relevant authority may not exist.

. The former husband has not filed an appeal, and we have resolved this appeal using the *743 stipulated-arrearage figure the parties presented to the circuit court. An agreement reached in settlement of litigation is as binding on the parties as any other contract. Miller v. Miller, 10 So.3d 570, 571 n. 1 (Ala.Civ.App.2008). However, we have not overlooked the fact that the stipulated-arrearage figure of $36,000, and the interest calculated thereon, is incorrect. The parties stipulated to an arrearage of $36,000 ($2,000 per month for 18 months). The circuit court suspended the former husband's alimony obligation for 5 of the 18 months included in the period upon which the stipulation was calculated. Thus, the actual arrearage period was 13 months. The arrearage for the period of June 2010 through June 2011 was $26,000 ($2,000 per month for 13 months). To have properly calculated the arrearage due, the circuit court should have recalculated the interest due on $26,000 and subtracted the partial alimony payments of $22,000 ($2,000 per month for 11 months).